**SUTTON et al. v. EASTERN VIAVI CO.**

No. 8257.

Circuit Court of Appeals, Seventh Circuit.

Oct. 27, 1943.

Rehearing Denied Dec. 8, 1943.

960

Weightstill Woods, of Chicago, Ill., for appellant.

L. M. McBride and Edward H. Baker, Jr., both of Chicago, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellants, beneficiaries of a trust, sued the trustee and appellee, charging misapplication of trust funds by the trustee and praying restoration thereof. The only reference to appellee was that contained in two paragraphs of the complaint as follows:

"C-4 Recently plaintiffs have seen sundry letters, that were written by Perry L. Hole, (the trustee) wherein he has stated that he has been keeping the accounts of said Cummings Family Trust, upon the financial records of the defendant Eastern Viavi Company, a corporation, and has mingled for some years, the funds of said trust with funds of said corporation, and with funds of his own, said Perry L. Hole. Endorsements upon both of the checks mentioned above at paragraph B-3, show that their proceeds—Forty-five Hundred Dollars—was paid into the treasury of Eastern Viavi Company, a corporation (appellee). Thereby said Eastern Viavi Company has charged itself as a trustee de son tort, of said Cummings Family Trust."

"C-5 Your plaintiffs fear that said unlawful speculation, and said forbidden mingling of funds may have caused losses to the property and affairs of Perry L. Hole, and may endanger the property and affairs of said Cummings Family Trust, and that said trust fund may be drawn into wasteful litigation, arising from said misconduct by Perry L. Hole, and his mismanagement of said Cummings Family Trust, and the misconduct of Eastern Viavi Company, a corporation, in receiving trust funds, and in meddling with the affairs of said Cummings Family Trust."

Upon motion, these two paragraphs, with others, were stricken. Appellants did not amend. Thereupon appellee moved to dismiss upon the ground that the complaint stated no valid claim for relief as against it. This motion the court allowed and this appeal followed. In view of the fact that after that time there remained in the complaint no charge against appellee, the judgment must be affirmed unless the action striking the paragraphs was erroneous. Thus, our narrow question is whether the matter stricken stated a cause of action against appellee.

In this action charging the trustee with misapplication of trust funds, appellee, a stranger to the trust, could be legally charged only upon a showing that it had received trust property under such circumstances and with such knowledge or charged with such notice as would make it guilty of participation in wrongful dissipation of the trust property. Without some such averment it does not become a trustee of its own tort. Obviously, the first several lines of the first paragraph do not state a cause of action against appellee; for they are merely an assertion that appellants had seen certain letters of the trustee admitting that he had mingled trust funds with those of appellee. This averment in itself binds appellee in no way. The remaining lines allege merely that the proceeds of certain checks payable to the trustee "were paid into the treasury of Eastern Viavi Company, a corporation" and that, thereby, that company charged itself as a trustee de son tort. The latter clause, of course, is a conclusion of law. Nothing in the two paragraphs constitute a charge of misconduct on the part of defendant.

At the risk of undue prolixity, we refer to rules elementary in character and ancient in procedural law, but retained in modern practice. Under Rule 12(b) of Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, failure to state a complaint upon which relief can be granted can result only in allowance of a motion to dismiss. No claim for relief is stated if the complaint pleads facts insufficient to show that a legal wrong has been committed, or omits an averment necessary to establish the wrong or fails so to link the parties with the wrong as to entitle the plaintiff to redress. United States v. Fuller Co., 8 Cir., 14 F.2d 813. In suits charging misapplication of trust funds and demanding accounting, the complaint, to be sufficient, must set out particularly all facts necessary to constitute a cause of action. If fraudulent conduct is relied upon, general charges are not sufficient, but the facts averred must be sufficient on their face to disclose that the conduct complained of was, in fact, the result of bad faith.

Ruwitch v. Frankel, 7 Cir., 68 F.2d 52, 53, and cases there cited.

 Not every recipient of a check or other negotiable instrument from a trustee or through a trustee becomes liable for the trustee's conversion. The circumstances under which the trust property is received, the knowledge or notice with which the recipient is charged will determine whether he belongs in the category of an innocent party or in that of persons receiving with guilty knowledge. The Illinois legislature, by an act approved July 7, 1931, has put the rule in statutory form. Chapter 98, Section 237 of the Illinois Revised Statutes is as follows: "If any negotiable instrument payable or indorsed to a fiduciary as such is indorsed by the fiduciary, or if any negotiable instrument payable or indorsed to his principal is indorsed by a fiduciary empowered to indorse such instrument on behalf of his principal, the indorsee is not bound to inquire whether the fiduciary is committing a breach of his obligation as fiduciary in indorsing or delivering the instrument, and is not chargeable with notice that the fiduciary is committing a breach of his obligation as fiduciary unless he takes the instrument with actual knowledge of such breach or with knowledge of such facts that his action in taking the instrument amounts to bad faith. If, however, such instrument is transferred by the fiduciary in payment of or as a security for a personal debt of the fiduciary to the actual knowledge of the creditor, or is transferred in any transaction known by the transferee to be or for the personal benefit of the fiduciary, the creditor or other transferee is liable to the principal if the fiduciary in fact commits a breach of his obligation as fiduciary in transferring the instrument." That the law of Illinois prior to passage of this act was somewhat at variance with the intent of the statute is disclosed by the opinion in Owens v. Nagel, 334 Ill. 96, 165 N.E. 165. See also Restatement of the Law of Trusts, Sec. 283 et sequi; Sec. 297 et sequi; 65 C.J. 986 and 992; 26 R.C. L. 1298, Sec. 150, p. 1296, Sec. 148. Before appellants can recover against appellee they must charge clearly and specifically the facts by virtue of which a claim of legal liability under the Illinois statute is made out. This they have not done. Their insufficient averments were properly stricken. In the absence of amendment, the District Court properly dismissed the complaint.

The judgment is affirmed.

On Petition for Rehearing.

PER CURIAM.

In our opinion we said: "Our narrow question is whether the matter stricken stated a cause of action against appellee."

Plaintiffs' stricken paragraphs, when examined phrase by phrase, stated no cause of action against defendant. Nothing averred constituted a charge of fraudulent conduct on its part. For this reason, and this reason alone, we affirmed dismissal of the complaint.

 However, we proceeded, perhaps unnecessarily, to discuss some of the elements essential to charge a party with notice of a trustee's defalcations. This exposition was intended to be nothing more than a reminder that it is not sufficient merely to allege existence of a trust to bring about remote legal consequences. The statute referred to was quoted to show the present legislative rule in Illinois that in order to hold a defendant there must be averment and proof of actual knowledge or notice of such facts as would cause a reasonably prudent person to believe that the fiduciary is committing a breach of trust, or that the transfer is made as security for a personal debt of the fiduciary. Owens v. Nagel, 334 Ill. 96, 165 N.E. 165, had to do, strictly speaking, with the question of when one takes a check or note subject to the equities existing between the parties thereto; it does not touch the problem here, viz., whether plaintiffs have pleaded sufficient facts to charge the defendant.

 We adhere to our statement as to the essentials of a complaint against a stranger to the trust. Examination of the Illinois authorities discloses that the law of that jurisdiction is in accord with the Restatement, and the teachings of Corpus Juris Secundum and Ruling Case Law. Thus, in Fifth National Bank v. Hyde Park, 101 Ill. 595, at page 608, 40 Am. Rep. 218, the court said: "The teaching of all the authorities is consonant with the proposition that to charge a stranger as a party to the misappropriation of a trust fund, such stranger must knowingly partake in the breach of trust,—that he must know or have proof of facts which in law characterize the transaction as a breach of trust."

Inasmuch as plaintiffs failed to plead these essential elements, the paragraphs

were properly stricken and, as a result, the complaint was properly dismissed for failure to state a valid claim against this defendant.

The petition for rehearing is denied.