**KADAR CORP., et al., Plaintiffs, Appellants,**

v.

**Mary H. MILBURY et al., Defendants, Appellees.**

**No. 76–1236.**

United States Court of Appeals, First Circuit.

Argued Sept. 8, 1976.

Decided Feb. 15, 1977.

**232**

Dennis M. O'Dea, Boston, Mass. with whom Robert F. Sylvia and Fine & Ambrogne, Boston, Mass., were on brief, for appellants.

* Of the U.S. Supreme Court, sitting by designation.

1. The judgment of dismissal was entered March 29, 1976, upon an express determination by the court made under Fed.R.Civ.P. 54(b) that there was no just reason to delay entry of judgment as to fewer than all parties. The judgment followed by several months the

Robert K. Lamere, Boston, Mass., with whom Sullivan & Worcester, was on brief, for appellees.

Before COFFIN, Chief Judge, CLARK, Associate Justice (Ret.) *, CAMPBELL, Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

In an action brought principally under 42 U.S.C. §§ 1983 and 1985(3), plaintiffs appeal from the district court's judgment dismissing the complaint, for failure to state a claim, against 25 of the 41 defendants. We affirm dismissal as to all except one of the said defendants.[1] The "gravamen of plaintiffs' complaint", as described in appellants' brief, "is that defendants have utilized their powers upon the various governmental bodies of the Town of Townsend to prevent the plaintiffs from developing residential housing in Townsend". In furtherance of the alleged conspiracy, the occupants of various town offices are said to have delayed action upon permit applications, imposed unnecessary and discriminatory conditions, required plaintiffs to seek mandamus relief in the state court, and engaged in other improper tactics all characterized, it is said, by malice and bad faith.

As the district court's reasons for dismissing were different in the cases of different defendants and groups of defendants, we consider each situation in turn:

### 1. *Gilligan*

■ This individual was named only in the caption of the complaint. Her identification with the alleged conspiracies, and indeed her status generally as an intended defendant, is so nebulous as plainly to warrant dismissal.

court's January 7, 1976 memorandum and orders on the motions to dismiss. Plaintiffs never moved to amend the complaint in the interim between the memorandum and judgment though in February they filed an unsuccessful motion entitled "motion for leave to amend complaint following discovery".

2. *Fortin, Arsenault, Estes, Corkum, Tumber, McNabb, Lyttle, Deroian, Aker, Conrad, Lindquist, Ryder, Curtis, Marriott, Struthers*

Except for Blair Arsenault, Jr., whom we discuss below, these defendants, while listed by name at the outset of the complaint as Townsend residents, are not thereafter mentioned. To be sure, all "defendants" as a class are alleged to have taken part in the multi-faceted conspiracy, but nowhere is there so much as a hint as to what, specifically, any of the fourteen are supposed to have done. Nor can the probable nature of their actions be gleaned from the nature of the conspiracy, which is described in sweeping and general terms. These particular defendants are not alleged to have held Town office.

■ While a complaint need only set out "a generalized statement of facts", there must be enough information "to outline the elements of the pleaders' claim".[2] Wright & Miller, Federal Practice and Procedure: Civil § 1357. More detail is required than a plaintiff's bald statement "that he has a valid claim of some type", and courts do "not accept conclusory allegations on the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened . . . ." *Id.*

■ The district court found that the complaint did state a cause of action as to some sixteen remaining defendants who are alleged to have engaged in specified actions in furtherance of the purported conspiracy. But as for the fourteen defendants in question, we agree with the court that the complaint is fatally lacking, for failure "to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy". *Powell v. Workmen's Compensation Bd.*, 327 F.2d 131, 137 (2d Cir. 1964). See *Cohen v. Illinois Inst. of Technology*, 524 F.2d 818, 827 (7th Cir. 1975) (Stevens, J.), *cert. denied*, 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187 (1976); *Jackson v. Nelson*, 405 F.2d 872 (9th Cir. 1968); *Sutton v. Eastern Viavi Co.*, 138 F.2d 959, 960 (7th Cir. 1943); *Valley v. Maule*, 297 F.Supp. 958 (D.Conn. 1968).

In *O'Brien v. DiGrazia*, 544 F.2d 543, 546 (1 Cir. 1976), this circuit acknowledged that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief", *citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), but we affirmed dismissal where facts had been omitted which, "if they existed, would clearly dominate the case". The complete absence of any facts to connect defendants with an illegal scheme of these dimensions is a gap of similar magnitude. We affirm the court's dismissal of the complaint as to the fourteen defendants.

■ Blair Arsenault, Jr., the fifteenth in this group, presents a closer question. He is mentioned in several later paragraphs of the complaint as having "aided and abetted" the Water Commissioners in certain described abuses, and as having "aided, abetted and participated knowingly, willfully and with malice as a principal" in acts taken by members of the Planning Board and Board of Health in adopting discriminatory rules and regulations. The court apparently felt that the lack of any allegation of Arsenault's specific conduct in aiding and abetting placed him on par with the fourteen dismissed defendants and we agree that the lack raises a close question.

---

2. Plaintiffs argue that they need not be able at the outset of a lawsuit to identify the role defendants played, and point to their motion for leave to amend the complaint following discovery. This theory of a lawsuit in search of defendants goes too far. As the seventh circuit said recently,

"We agree that plaintiff is entitled to the fullest opportunity to adduce evidence in support of her claim. But she is not entitled to a trial, or even to discovery, merely to find out whether or not there may be a factual basis for a claim which she has not made." *Cohen v. Illinois Inst. of Technology*, 524 F.2d 818, 827 (7 Cir. 1975) (Stevens, J.), *cert. denied*, 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187 (1976).

But while it is true that we are not told Blair Arsenault, Jr.'s purported role, he is linked to specific, narrowly-defined conduct that, by its nature, gives some body to the pleaders' claim against him. Unlike the other fourteen, reference to him is not limited to alleged participation in a general conspiracy defined in sweeping, conclusory terms. Given the policy against dismissal on the pleadings except in the plainest circumstances, we find it difficult to say that a claim has not been minimally stated. Accordingly, as to Blair Arsenault, Jr., we reverse the court's dismissal under Fed.R. Civ.P. 12(b)(6).

### 3. *Ekola, Pindell, Struthers, Anderson*

█ The district court dismissed the complaint as to these four defendants on the ground that any causes of action stated against them were time barred. *See* Wright & Miller, Federal Practice and Procedure: Civil § 1357, p. 608 ("inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim"). The applicable statute of limitations requires that actions be commenced within two years after the cause of action accrues. Mass.Gen.Laws Ann. ch. 260, § 2A.[3]

█ Ekola, Pindell and Struthers are alleged to have been members of the Board of Health in 1972 when it adopted regulations said to have been designed to prevent plaintiffs from developing their property. Anderson is listed as a member of the Board of Health in 1971 when it passed a regulation restricting water percolation tests allegedly with the purpose of depriving plaintiffs of the use of their property and preventing the development of residential housing. Since this action was commenced on April 28, 1975, over two years later, the statute of limitations is an obvious bar as to those acts unless for some reason it can be found that a cause of action based on them did not accrue until sometime later.

Plaintiffs present the theory that a cause of action for civil conspiracy accrues only on the date of the last overt act committed by anyone in furtherance of the conspiracy.[4] They rely upon the purported overt acts of other co-conspirators in 1973–75 to hold open against those four (and all others) a conspiracy cause of action that would embrace, *inter alia*, the 1971–72 acts. This proposition is incorrect. We have said "that a cause of action for each invasion of the plaintiff's interest ar[ises] at the time of that invasion and that the applicable statute of limitations r[uns] from that time." *Momand v. Universal Film Exchanges*, 172 F.2d 37, 49 (1st Cir.), *cert. denied*, 336 U.S. 967, 69 S.Ct. 939, 93 L.Ed. 1118 (1949). *Accord, Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 338, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Rutkin v. Reinfeld*, 229 F.2d 248, 252 (2d Cir.), *cert. denied*, 352 U.S. 844, 77 S.Ct. 50, 1 L.Ed.2d 60 (1956); *Crummer Co. v. DuPont*, 223 F.2d 238, 247 (5th Cir.), *cert. denied*, 350 U.S. 848, 76 S.Ct. 85, 100 L.Ed. 755 (1955). While this rule arose in cases of civil antitrust conspiracies, it has been applied to civil conspiracies to violate the federal civil rights laws, *Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959); *see Bergschneider v. Denver*, 446 F.2d 569 (9th Cir. 1971). Injury and damage in a civil conspiracy action flow from the overt acts, not from "the mere continuance of a conspiracy". *Hoffman v. Halden, supra*, 268 F.2d at 303.

---

**3.** The statute of limitations was amended in 1973 to extend the limitations period from two to three years, but any cause of action based on acts in 1971 and 1972, as charged against these defendants, is governed by the former provision. Section 4, of the 1973 amendment provided that the longer period "shall apply to causes of action arising on and after" January 1, 1974. Mass.Gen.Laws Ann. ch. 260, § 2A (1976).

**4.** Plaintiffs mistakenly read *Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959) as supporting this proposition. *Hoffman* holds that the "statute of limitations runs from the overt act alleged to have caused the damage". *Id.* at 302. Reference therein to the date of "the last overt act alleged" as "the last date from which a statute of limitations might run" is in no way inconsistent.

Under plaintiffs' theory a conspiracy action could not be maintained—since no cause of action would have accrued—until it could be told with certainty that the final overt act in furtherance of the conspiracy had been committed. *See Momand v. Universal Film Exchanges, supra,* 172 F.2d at 49.

We thus agree with the district court that defendants cannot be held liable for acts allegedly committed in 1971 and 1972. As for the post-1972 period, no overt acts specifically implicating these defendants are alleged. Plaintiffs can only fall back on the insufficient allegations already discussed implicating all defendants in everything. We agree with the district court that the complaint fails to state a claim as to these four defendants.

### 4. Santere, Johnson, MacMaster, Foreman and Jarvi.

Lastly, the court dismissed the complaint as to defendants Santere, Johnson, MacMaster, Foresman and Jarvi. Each of these defendants is named in the general allegations, along with all other defendants, as "an individual residing in Townsend, County of Middlesex, Massachusetts." In addition, later in the complaint there are allegations relating to two different types of actions implicating defendants in their official capacity as members of the Board of Selectmen. Santere, Johnson and MacMaster are stated to have constituted the Board of Selectmen in 1973 when the Board rescinded its permission granted previously to plaintiff Robert M. Hicks, Inc. allowing it to lay water mains along a certain road. The complaint further states that shortly after the recision of permission, the Board permitted the Fitchburg Gas Company to lay its mains along the same road. The allegedly discriminatory action as to Hicks was taken, it is claimed, "willfully and maliciously . . . for the purpose of depriving the Plaintiffs of their rights under the Constitution and law [*sic*] of the United States."

Elsewhere in the complaint, all five defendants are alleged to "have utilized their public offices and official positions while they held such offices during the period from May 1972 to the present to deprive the Plaintiffs of their rights under the Constitution and laws of the United States" by failing "to respond to Plaintiffs' requests for information and for action upon their requests" for water services.

■ The allegations relating to the Board's recision of permission to lay water mains are inadequate to state a claim under § 1983. Permission given to a utility to lay gas mains is not comparable to permission given to a private party to lay water mains. The Board of Selectmen exercises less control over the laying of gas mains than over the laying of water mains by private parties, *compare* Mass.Gen.Laws Ann. ch. 164, §§ 70 & 70A *with id.* ch. 165, §§ 8 & 9, and the Town's exposure to liability for injuries caused by defects in a public way appears to be greater when a private party has caused the defect than when it results from operations of a gas company, *see id.* ch. 84, § 15; *id.* ch. 164, § 74. Thus the comparison does not invite the conclusion that recision of Hicks's permit was unlawful, and no other facts are pleaded lending support to a claim of discrimination.

> ". . . [T]he court will not accept conclusory allegations on the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened . . . ."

Wright & Miller, Federal Practice and Procedure: Civil § 1357, p. 597.

■ The later allegations that the selectmen deprived plaintiffs of their federal rights by not responding to requests for information and for action on their requests for water service were found insufficient by the district court "to put public officials to their defense in an action under the Civil Rights Acts." We think dismissal on that ground was proper. While the complaint contains "opprobrious epithets" of malice and discrimination, *see Snowden v. Hughes,* 321 U.S. 1, 10, 64 S.Ct. 397, 88 L.Ed. 497 (1943), it does not allege even rudimentary

facts to support the essential claim that the selectmen's failure to respond was either "'purposefully discriminatory,' . . . 'knowing or reckless,' . . . or 'willful,' . . . ." *Gaffney v. Silk*, 488 F.2d 1248, 1250–51 (1st Cir. 1973) (citations omitted). *See Harrison v. Brooks*, 446 F.2d 404 (1st Cir. 1971). The character of the official action, or inaction, alleged is on its face totally innocuous—selectmen are not required to respond to or to take actions upon requests just because someone demands that they do so, nor is it made clear what if any duties the selectmen have with respect to water service—and in the absence of facts supporting an allegation of bad faith, the selectmen's privilege for official acts would in any event seem to provide a defense. The district court rightly held that something more substantial was required to put public officers to their defense.

■ Appellants also contest certain other rulings of the district court—such as its asserted dismissal of claims under § 1985(3) —which are not directly connected with the March 29, 1976 order and judgment dismissing as against the twenty-five defendants. As these rulings are not yet final, *see* Fed. R.Civ.P. 54(b), they are not now subject to appellate review, and we are without jurisdiction. 28 U.S.C. § 1291. We therefore do not reach these matters.

*The judgment of the district court dismissing as to the defendant Blair Arsenault, Jr. is reversed; and with respect to all other defendants it is affirmed. Costs in favor of appellees.*