Albert BLAKE et al.

v.

Frank A. HALL et al.

Civ. A. No. 78–3051—Mc.

United States District Court,
D. Massachusetts.

May 2, 1979.

Norman Zalkind, Judith A. Stalus, Mass. Corr. Legal Services, Boston, Mass., for plaintiffs.

Lee Carl Bromberg, Carol Liebman, Dept. of Corrections, Boston, Mass., for defendants.

## MEMORANDUM AND ORDERS ON MOTIONS TO DISMISS

McNAUGHT, District Judge.

### I. THE ACTION

This action came on to be heard on motions by two defendants to dismiss the com-

plaint. It was brought under 42 U.S.C. § 1983, by six inmates at M. C. I. Walpole, claiming a deprivation of their constitutionally protected civil rights while incarcerated, and seeking declaratory and injunctive relief, as well as money damages. In a voluminous complaint, plaintiffs allege numerous circumstances existing at Walpole which have resulted in, *inter alia,* the creation of fire hazards, lack of cleanliness, infestation by insects and rodents, poor plumbing facilities, and inadequate recreational and/or rehabilitative programs. Named in the complaint as defendants are: Frank A. Hall, Commissioner of Corrections for the Commonwealth of Massachusetts [On Feb. 5, 1979, Larry R. Meachum succeeded Hall as Commissioner and was subsequently substituted for Hall in this action.]; Frederick Butterworth, Superintendent of M. C. I. Walpole; Alfred Frechette, Acting Commissioner of Public Health; and Charles Mahoney, Secretary of Human Services. Defendants Frechette and Mahoney move, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the complaint as to themselves for failure to state a claim upon which relief can be granted.

## II. THE MOTION

The thrust of the defendants' motion and memorandum in support thereof is twofold: first, that defendants, as Commissioner of Public Health and Secretary of Human Services, respectively, have no duty with regard to the operation or maintenance of M. C. I. Walpole—but rather, that those functions belong to other officers and agents of the Commonwealth; and secondly, that plaintiffs have failed to allege either that some actions or policies of the defendants have caused them injury, or that the defendants have neglected any duties or responsibilities which they are bound to perform.

█ In this era of "notice pleading", for purposes of deciding a motion to dismiss, the court must consider the complaint as a whole, and, judging it in the light most favorable to the plaintiff, determine whether the allegations enable the plaintiff to prove any set of facts which would entitle him to relief. *Harper v. Cserr,* 544 F.2d 1121 (1st Cir. 1976); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). With respect to § 1983 complaints, the Court of Appeals for this Circuit has determined that two criteria must be fulfilled for a complaint to withstand a motion to dismiss. Plaintiff must allege: (1) that a federally protected right[s] is [are] in issue; and (2) sufficient facts to indicate that the rights in question have been deprived by the defendant. Defendants Frechette and Mahoney do not argue that the first of these criteria is not met; rather, the fundamental premise of each motion is that the complaint is deficient in the second respect.

Conclusions concerning the motions before this court differ as to the defendants.

### A. *Defendant Frechette*

█ The motion with respect to defendant Frechette is denied.

Defendant Frechette is the Commissioner of Public Health of the Commonwealth. As such, he has been delegated the responsibilities of: administering health and sanitation laws, Mass.Gen.Laws ch. 17, § 2; preparing rules and regulations to be considered by the Department with an eye toward promulgation, Mass.Gen.Laws ch. 17, § 2; and overseeing a department (the Department of Public Health) which is statutorily required to inspect all correctional institutions twice a year, Mass.Gen.Laws ch. 111, § 20; as well as issuing regulations regarding the care and use of eating utensils, bedding, plumbing and ventilation facilities at all correctional institutions, Mass. Gen.Laws ch. 111, § 21. Furthermore, Mass.Gen.Laws ch. 111, § 127A grants him (through the Department) the power to enforce the State Sanitary Code. While it is true that this statute provides that it is the local boards of health which *must* enforce the Code, it grants the Department of Public Health enforcement authority when the local boards are derelict in their duties. That such authority is couched in terms of "*May* enforce" rather than "*must* enforce" does not provide a loophole, since defendant

Frechette's Department is statutorily required to inspect M. C. I. Walpole and, in fact, has repeatedly denounced the conditions existent there. (See Exhibits 1–A, 1–B, 1–C, 1–D and 1–E attached to First Amended Complaint.) One may question whether local boards of health have any responsibility for correctional institutions. One may suggest that the provisions of the Sanitation Code are inapplicable to correctional facilities. But one cannot question that the Commissioner has the significant overall responsibility of administering the Commonwealth's sanitation laws.

In *Inmates of Suffolk County Jail v. Eisenstadt,* 494 F.2d 1196 (1st Cir. 1974), the Court of Appeals held that the State Corrections Commissioner was a proper defendant in a § 1983 action brought by inmates at the Charles Street Jail despite the fact that the complaint contained no allegations of specific conduct on his part and the fact that the jail in question was operated and funded by the county and not the State. The court based its decision on the "practicalities of the situation"—i. e., that the jail was part of an integrated correctional system—and on the fact that the Commissioner had been delegated certain "significant . . . responsibilities and powers relevant to the Jail" by statute. Such powers included the power to transfer prisoners to other county institutions, the duty to inspect, and the power to establish standards for care and custody of those incarcerated in county facilities. " . . . [W]hile the day-to-day funding and management comes from the county," the court stated, "the Commissioner has the major statutory responsibilities *bearing precisely* on the issues raised in the inmates' suit." *Id.* at 1197, 99. [Emphasis supplied.]

Clearly, the statutory powers granted the Department of Public Health and its Commissioner enumerated above "bear precisely" on some of the issues, in particular the health issues, at the heart of the inmates' suit in the case before this court. In this case plaintiffs have alleged that Frechette has not used power available to him. Assuming the existence of such power, nonfeasance could perpetuate the conditions of which plaintiffs complain.

Defendant Frechette further maintains that the plaintiffs' complaint is deficient because it alleges no specific acts on his part which contributed to the alleged violations of the civil rights of the Walpole inmates, and relies on *Kadar Corp. v. Milbury,* 549 F.2d 230 (1st Cir. 1977), in support of the proposition that: "Where a complaint does no more than name an individual as a Defendant, and contains no allegations linking the Defendant with the injury a motion to dismiss should be granted." [Defendants' Memorandum in Support, at 5.]

First, plaintiffs' complaint does contain at least one allegation which concerns defendant Frechette and, if proved, would entitle plaintiffs to relief. Paragraph 106 states:

106. Despite clear indications of unsanitary and unsafe conditions at Walpole for at least five years, discovered during inspections by Department of Public Health staff, neither Defendant Frechette or (sic) his predecessor have made a reasonable effort to enforce compliance with existing health codes or regulations.

While the complaint fails to aver specifically that Frechette has this power, it seems clear from the *Eisenstadt* case that such failure is not fatal to the complaint. In the *Eisenstadt* complaint, as in that in the case at bar, the only reference as to the official powers of the defendants was contained at the outset of the complaint where the plaintiffs set forth the defendants' official titles and a generalized statement of their statutory responsibilities with accompanying citations. As has been previously discussed, the court in *Eisenstadt* found the complaint sufficient.

Defendant Frechette's reliance on *Kadar, supra,* is misplaced. Unlike the case at bar, the plaintiffs in *Kadar* alleged in their complaint that certain defendants were involved in a *conspiracy* to act in violation of § 1983. The Court of Appeals upheld the dismissal of the complaint as to fourteen defendants who were named in the initial

paragraphs of the complaint and were alleged to have participated in the conspiracy, but by whom the plaintiffs failed to allege with any specificity the commission of any *overt act* or acts in furtherance of the conspiracy—an allegation essential to the survival of a conspiracy count. It is the vital character of this allegation which distinguishes the *Kadar* complaint from that with which this court is concerned. Plaintiffs' complaint against Frechette is not couched in conspiracy terms; consequently, the degree of particularity required by the *Kadar* court is greater than that which is necessary here. It would seem that the plaintiffs presently before this court have met their pleading burden.

### B. *Defendant Mahoney*

██ The motion to dismiss with respect to defendant Mahoney is granted.

Plaintiffs merely allege that defendant Mahoney is the Secretary of Human Services of the Commonwealth and that, as such, he is statutorily responsible for budgeting and other financial matters with respect to the Department of Correction, as well as for review of operations and program planning for the Department.

Unlike those granted defendant Frechette, these statutory responsibilities of defendant Mahoney do not "bear precisely" on the issues raised in the inmates' suit, but rather are sufficiently removed from their claims as to make the connection tenuous at best. Although it is argued in their brief, nowhere in their complaint do plaintiffs claim that the conditions of which they complain are due, in part or *in toto,* to insufficient funding or any other action or inaction of defendant Mahoney. Without such an allegation, defendant Mahoney stands in a position similar to that of defendant Gilligan in *Kadar Corp. v. Milbury, supra.* Gilligan was named as a defendant in the caption of the conspiracy complaint, but was not mentioned thereafter. In upholding the District Court's dismissal of the action as to her, the Court of Appeals held that Gilligan's identification with the conspiracies and her general status as a de-

fendant was " . . . so nebulous as plainly to warrant dismissal." *Kadar v. Milbury, supra.*

Plaintiffs argue in their brief in opposition to this motion, that in view of his control of the purse strings, defendant Mahoney will be a necessary party in the event that plaintiffs prevail in this action. Simply because his cooperation may be necessary to the enforcement of any order this court may issue, is not justification for making him a defendant.