**Richard ALSTON, Plaintiff**
vs.
**Michael FAIR, Joseph PONTE, Ronald DUVAL, Doctor Ronald GOLDBERG, John BALYKO,**
**Defendants**

**No. 81-2005-C**

United States District Court
Commonwealth of Massachusetts

**January 26, 1982**

Pro se, counsel for plaintiff.
Joanna Connolly, Esq., counsel for defendant. Peter C. Knight, Esq., counsel for Dr. Goldberg.

## ORDER

Caffrey, Ch. J. In accordance with memorandum filed this date, it is ORDERED:

Defendant's motion to dismiss the plaintiff's claim for failure to state a cause of action, made pursuant to Fed. R. Civ. P. 12(b)(6), is allowed. Complaint dismissed.

**Andrew A. Caffrey, Ch. J.**

## MEMORANDUM

Caffrey, Ch. J. This is a civil rights action brought pro se by an inmate at M.C.I. Walpole. Plaintiff sues for alleged violations of 42 U.S.C. § 1983 and the Massachusetts Constitution. He essentially claims that because of the conduct of the four prison officials named here as defendants (Fair, Ponte, Duval, Balyko) he received inadequate medical treatment and, therefore, should be awarded injunctive relief and damages.

The defendants' motion to dismiss for failure to state a claim upon which relief can be granted is now before the Court.

The plaintiff's complaint alleges that the defendant Duval assigned him to work in the prison metal shop at M.C.I. Walpole on April 27, 1981. At that time he allegedly told Mr. Duval that he had a "pre-existing medical condition." The plaintiff does not describe the "pre-existing medical condition" in the complaint or in answers to specific interrogatories propounded by the defendants. Neither does the plaintiff describe how his "condition" was relevant to assignment to the metal shop, nor does he allege that the "condition" should have prevented him from working there. Plaintiff does allege that, at the time of the assignment, the plaintiff's medical records contained "documents prescribed by Dr. Donaldson," an orthopedic surgeon, outlining the plaintiff's working abilities. Plaintiff does not allege, however, that these "documents" stated that plaintiff was either unable to work or unable to work in the metal shop.

Plaintiff alleges that on the next day after his assignment to the metal shop, a box of license plates fell and injured his leg. Plaintiff has not alleged a lack of medical care afforded to him prior, or subsequent to, the injury in the metal shop. Nor has he alleged that the incident in which he was injured was anything other than an accident or that it was in anyway related to plaintiff's alleged "pre-existing condition."

To state a claim under 42 U.S.C. § 1983 the plaintiff must first allege a constitutional violation. Plaintiff in this case appears to claim that his constitutional rights have been violated because of inadequate medical treatment received at M.C.I. Walpole. A claim for a constitutional violation under the Eighth Amendment by reason of inadequate medical care must allege that prison authorities have shown deliberate indifference to serious medical needs. See, Estelle v. Gamble, 429 U.S. 97, 104 (1976). In essence, for a constitutional violation to exist, prison officials must either intend to harm the inmates, or deliberately ignore injuries and illnesses so severe and

obvious as to require medical attention. See, **Haitt v. Vitek**, 497 F.2d 598, 601 (1st Cir. 1974). Accordingly, in order to withstand a motion to dismiss a plaintiff must allege that he had a serious medical need for which medical treatment was denied. He has neither so alleged nor has he stated any facts which would support such an allegation. Nor facts alleged in the pleadings or contained in plaintiff's answers to interrogatories tend to suggest that this is a case where the defendants were aware of a danger to an inmate and failed to take action. Most of the facts related in the complaint involve the incident in the metal shop which allegedly resulted in injury to the plaintiff. These allegations, taken as true, prove an accident and nothing more. Even if plaintiff alleged that prison official negligence caused the accident, such a claim would not support a § 1983 claim. **See, Parratt v. Taylor**, U.S. 101 S.Ct. 1908 (1981).

To survive a Rule 12(b)(6) motion for dismissal, then, plaintiff's § 1983 claim must allege inadequate medical treatment, or some other constitutional violation beyond mere negligence, and must back these allegations up with enough supportive facts to outline the elements of the pleader's claim. **See, Kadar Corp. v. Milbury**, 549 F.2d 230, 233, 235 (1st Cir. 1977). While a pro se complaint is held to less stringent standards than one drafted by an attorney, **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972), "courts need not conjure up unpleaded facts to support...conclusory (allegations)." **Slotnick v. Striviskey**, 560 F.2d 31, 33 (1st Cir. 1977), **cert. denied**, 434 U.S. 1077 (1978).

Taking all of plaintiff's factual allegations as true for purposes of this motion, I rule that it is clear beyond doubt that the plaintiff does not state a valid claim and that he can prove no set of facts in support of his claim which would entitle him to relief. Accordingly, an order will enter granting defendant's motion to dismiss.

Andrew A. Caffrey, Ch. J.