**Decided March 22, 1982**

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

TRIAL DIVISION

| | |
|---|---|
| ALBERT S. CAMACHO, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>VICENTE N. SANTOS, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION NO. 81-0075<br><br>DECISION |

## DECISION

The above-entitled action came on for hearing on January 15, 1982 upon defendant's motion to dismiss plaintiffs' complaint for its failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure (FRCP). The Court, after having read the memoranda of counsel, and after having heard the arguments in support of and in opposition to defendant's motion, considers itself fully advised and hereby renders its decision:

The defendant has filed his motion to dismiss relying upon the provisions of Rule 12(b)(6), F.R.C.P., contending that the plaintiffs' complaint fails to state a claim upon which relief can be granted. Defendant also argues that the averments as found in the complaint fail to meet the requirements of Rule 8(2), F.R.C.P., which requires that a pleading contain "(2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."

282

It is the general rule that in considering a motion to dismiss, the court must admit all the allegations in the complaint as true and construe them in the light most favorable to the pleader. Gomez v. Toledo, 446 U.S. 635, 636, 100 S.Ct. 1920, n.3 (1980). Further, "if the complaint, under any reasonable reading states a claim upon which relief can be granted, the cause of action must be sustained and admitted to proof." Peesin v. Keeneland Association, 45 F.R.D. 10, 14 (E.D. Ky. 1968). Bearing the general rule in mind, it is worthwhile to briefly review the structure of the complaint filed in this action. The complaint consists of two counts. Count One essentially alleges injury to plaintiff Carlos S. Camacho based upon certain slanderous statements made by the defendant and set forth in paragraph six of Count One of the complaint (see footnote 1). The cause of action in Count One is contained in paragraph eight and eleven:

> 8. The words thus uttered [by defendant] were untrue and slanderous per se because they charged plaintiff Carlos S. Camacho with various crimes, including, but not limited to: false pretenses, various instances and forms of fraud, embezzlement, and theft of public funds and conversion.
>
> * * *
>
> 11. The words thus uttered by defendant as alleged herein were said because of defendant's feelings of malice, hatred and ill will towards plaintiff Carlos S. Camacho and with knowledge that the words uttered were false or with reckless disregard as to whether said words were true or false or with the desire to oppress plaintiff Carlos S. Camacho ...

Complaint at 3.

Count Two of the complaint is similar in nature and in fact realleges paragraphs 1 through 7 of Count One of the complaint. Count Two, however, alleges that the words uttered by defendant were slanderous as to the remaining

283

plaintiffs because of the fact that they,

> "as the immediate family members and as
> children of the late Luis T. Camacho,
> were implicitly and directly accused
> of receiving stolen property and embezz-
> ling public funds and in acting contrary
> to their traditional and customary res-
> ponsibility as Chamorros and as persons
> of Northern Mariana Islands descent in
> failing to properly care for their ailing
> father and illegally receiving the benefit
> of public funds for that purpose."

Complaint at 4.

It would seem appropriate at this point to turn to the specific contentions raised by defendant with reference to Counts One and Two of the complaint.

## COUNT ONE

The Court finds that the averments contained in Count One of the complaint sufficiently state a cause of action which would entitle plaintiff to relief if he prevails at trial. The plaintiff admits that the standard applicable in this particular case is "actual malice" as set forth in New York Times v. Sullivan, 376 U.S. 254, 11 L.Ed. 2d 686, 84 S.Ct. 710 (1964). Paragraph 11 mirrors the requirement of New York Times, and the test of actual malice is accurately alleged therein:

> 11. The words thus uttered by defendant as alleged herein were said because of defendant's feelings of malice, hatred, and ill will towards plaintiff Carlos S. Camacho and knowledge that the words uttered were false or with reckless disregard as to whether said words were true or false ..." (emphasis added)

Complaint at 3.

The Court also finds that the alleged statements

284

contained in paragraph six[1] of the complaint constitute an
implicit accusation of misappropriation of public funds,
embezzlement of public funds or theft of public funds.
Plaintiff properly pleaded his cause of action in paragraph
9 which goes on to allege that the words were slanderous per
se because:

> 9. [T]hey tended to injure plaintiff Carlos
> S. Camacho in his career, trade and business
> by imputing to him dishonesty, general disquali-
> fications in those respects which business
> requires and traits which have natural tenden-
> cies to lessen profits of his business.

Complaint at 3.

Defendant argues that the complaint lacks specificity
in that the statement contained in paragraph six of Count
One did not charge plaintiff of committing any crime.
Defendant's Memorandum in Support of Motion to Dismiss at 4.

- - - - - - - - - -

[1]Paragraph six of Count One reads in its entirety as follows:

6. On or about October 2, 1981, in the Village of
Chalan Kanoa on the Island of Saipan, Commonwealth of the
Northern Mariana Islands, defendant Vicente N. Santos spoke
the following words of and concerning plaintiffs:

> "It is good for only one man, Governor of the
> Northern Marianas, at the time when the Commonwealth
> is poor, to send nurses to his house to care for his
> father (deceased) twenty-four (24) hours a day and
> paid out of your money, public funds. Is that good?
> Good? What is the difference between his father and
> your fathers and mothers?

> "And Carlos, our governor, when his father was ill
> he ordered nurses to care for his father at his house,
> at his house! And it's your money that was used.
> Is it right to do this? You! you, you, you do you
> have such a right? Okay! That is why we must re-
> place him. (emphases added)

285

It is well settled that to charge one orally with crime of larceny, embezzlement or misappropriation is actionable _per se_ and that it is not necessary that the words spoken constitute by themselves a technical charge of crime or that there should be a directly affirmative charge, it being sufficient that the words are naturally and presumably understood by the hearers as charging the crime in question. 53 C.J.S. Libel & Slander, §§53, 70. This Court has analyzed the alleged remark by the defendant contained in paragraph six and concludes that the statement as pleaded is actionable _per se_.

## COUNT TWO

The alleged defamatory remark as cited on paragraph 6 of plaintiff's complaint (see footnote 1, _supra_) does not by name or by implication mention any of the plaintiffs except Carlos S. Camacho. Yet the complaint in Count Two attempts to state a claim in plaintiffs' favor by stating that defendant's words:

> "implicitly and directly accused [them] of receiving stolen property and embezzled public funds and acting contrary to their traditional and customary responsibility as Chamorros and as persons of Northern Mariana Islands descent in failing to properly care for their ailing father and illegally receiving the benefit of public funds of that purpose."

_Complaint_ at 4.

In the absence of ambiguity of the defendant's remarks, it is for the court to determine whether a given remark is slanderous _per se_. Restatement, Second, Torts § 614, comment b. In deciding this issue, the court, considering the statements by defendant in their entirety, is bound to invest the words used with their natural meanings. "The

286

language used may not be extended by the innuendo or conclusions of the pleader; the defamatory character must be certain and apparent from the words themselves." _Ryan v. Hearst Publications_, 100 P.2d 24, 25 (Wash. 1980). In _Ryan_ the husband and children of a woman who was a defendant in a criminal prosecution sued the newspaper for publishing an article which contained the following words of and concerning the plaintiffs individually and collectively:

> Mrs. Lillian A. Ryan, of Portland, Oregon, who found the swindle profitable enough to raise 16 children before she was put on trial. Her sentence has been postponed. * * *

> "A woman defendant, Mrs. Lillian A. Ryan, 43 years old, of Portland, Oregon, had found it such a profitable racket that she was able to raise sixteen children. The thing looked like a permanent industry, due to go on forever."

> That immediately above the first-quoted paragraph the publication carried a photographic likeness of the wife and mother, respectively, of plaintiff, Alger Ryan, and the remaining plaintiffs; that the publication further stated immediately above the picture of Mrs. Ryan: "Three Generations of Crooks Have Collected Millions of Dollars from Three Generations of Gullible Victims for 70 years in the Belief That They Are Heirs of a Revolutionary Hero Who Never Lived."

> A photostatic copy of the entire article was attached to the complaint and made a part thereof.

> It was further alleged that by use of that language defendant meant that plaintiff, Alger Ryan, had, in violation of his duties as a father and a husband, permitted his wife to supply the sustenance for their children by the practice of a vicious and felonious swindle, and by reason of the operation of the swindle by his wife the children were reared and provided for through the profits thereby obtained; and that the children were reared on the fruits of the fraud and criminal adventure. The complaint continued with the allegation to the effect that the persons who read the article understood and were induced to believe that plaintiff, Alger Ryan, was a corrupt and indolent father who had failed in his obligations as a citizen, father, and husband, and that the children owed their existence and rearing to the criminal career in which their mother engaged during the period of their lives. It was finally alleged that the language of the publication was wholly false, defamatory and untrue.

100 P.2d. at 24-25.

The appellate court upheld the lower court's decision sustaining the demurrer by the defendant newspaper:

> In so far as the contents of the publication is concerned, there was no charge or intimation that appellants were in any way connected with the fraud perpetrated by Lillian A. Ryan. They were not charged, nor is it reasonable to conclude, that appellants assisted Mrs. Ryan in her operations. <u>It cannot reasonably have been inferred that appellant husband was derelict in his duty to provide for his family.</u> The article is in no way inconsistent with appellants' allegations to the effect that he exerted every effort to care for his wife and children. <u>It is plain from a reading of the publication that it does not charge that appellants violated any law, or received any profits which the wife and mother obtained with knowledge that they were acquired illegally.</u> (emphases added.)

The rationale applied in the above case similarly applies to the plaintiffs mentioned in Count Two of the complaint. The content of defendant's remarks did not charge, nor is it reasonable to conclude, that plaintiffs assisted plaintiff Carlos S. Camacho in his alleged wrong-doing. It also cannot be inferred that plaintiffs we e derelict in their duty to care for their ailing father. The remark was in no way inconsistent with plaintiffs' allegations to the effect that they owed a duty under the Chamorro custom to care for their father. Nor was there any charge or intimation that plaintiffs violated any law, or received any profits from the alleged conduct of plaintiff Carlos S. Camacho.

In the present case, the remarks by defendant cannot be reasonably construed to have defamed the plaintiff-family members. The above plaintiffs clearly failed to state a claim upon which relief can be granted for the following reasons: 1) the alleged defamatory statement cannot, by a reasonable stretch of the imagination, be imputed to these plaintiffs. Defendant's alleged defamatory statement does

288

not by name mention anyone but Carlos S. Camacho. The statement does not use the word "family" either. Plaintiffs' complaint raises the gloomy conclusion that a statement about one member of a family necessarily implicates the rest of the family members; 2) no references in defendant's statement mention anything about the other family members receiving stolen property, receiving embezzled public funds and acting contrary to traditional and customary responsibilities. They are conclusions raised by the pleader in the realm of innuendo and by themselves, fail to state a claim when viewed in conjunction with defendant's alleged defamatory statement as pleaded by the above plaintiffs. In Sutton v. Eastern Vivair Co., (CA 7th 1943) 138 F.2d 959 at page 690, the court stated:

> "No claim for relief is stated if complaint
> pleads facts sufficient to show that a legal
> wrong has been omitted or omits an averment
> necessary to establish the wrong, or fails
> so to link that party with the wrong as to
> entitle the plaintiff to redress."

Assuming arguendo that there exists a traditional and customary responsibility in the Chamorro custom for children to care for an ailing father, plaintiffs own rendition of defendant's statement (footnote 1) shows nothing about the other siblings violating customs or traditions. Plaintiffs are asking this court to make an unreasonable inference of the statement by the defendant when none of them were named individually. Nor did the defendant defame an ascertainable class such as the deceased's immediate family since there was no mention of family or relatives in defendant's remark.

For the reasons discussed above, defendant's motion to dismiss is DENIED as to Count One and GRANTED as to Count Two. An appropriate order shall be entered.

DATED: _Mar. 22, 1982_

ALFRED LAURETA
United States District Judge