TERUMO CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 85–08–01089

Before DiCARLO, *Judge.*

(Decided August 23, 1985)

*Stein Shostak Shostak & O'Hara (Robert Glenn White)*, for the plaintiff.
*Richard K. Willard*, Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office *(Saul Davis)* for the defendant.

DiCARLO, *Judge:* Between April, 1982 and April, 1983, plaintiff imported merchandise invoiced as "Clirans Hollow Fiber Dialyzers," and classified by the United States Customs Service (Customs) under item 709.17, Tariff Schedules of the United States (TSUS), as "Electro-medical apparatus, and parts thereof: * * * Other." Plaintiff claims that the merchandise is properly classificable under item 661.95, TSUS, as "filtering and purifying machinery and apparatus * * * for liquids and gases * * * and parts thereof: * * * Other."

Defendant moves to dismiss the action pursuant to Rule 12(b)(5) of the Rules of this Court, alleging that the complaint fails to state a claim upon which relief can be granted. The Court denies the motion.

When a federal court reviews the sufficiency of a complaint, the complaint should be read liberally, and all of its material allegations construed favorably to the plaintiff. *Jenkins* v. *McKeithen,* 395 U.S. 411, 421 (1969). A complaint should not be dismissed for failure to state a claim if it alleges information sufficient to outline the elements of the pleader's claim. *See Kadar Corp.* v. *Milbury,* 549 F.2d 230, 233 (1st Cir. 1977); *Sutton* v. *Eastern Viavi Co.,* 138 F.2d 959, 960 (7th Cir. 1943).

Defendant contends that plaintiff fails to state a claim solely on the ground that classification of the subject merchandise under item 661.95, TSUS, as proposed by plaintiff, is precluded as a matter of law.[1] In essence, defendant argues that if plaintiff's proposed classification is erroneous, a claim for relief has not been stated. The Court disagrees.

---

[1] In its memorandum in support of the motion to dismiss, defendant states:

Congress evidenced a clear intent, by virtue of Headnote 1(v) to preclude classification in item 661.95, TSUS, where the imported merchandise is also classifiable in a specific provision such as item 709.17, TSUS, which is not limited by the term "not specially provided for."

*     *     *     *     *     *     *

Therefore, as a matter of law, plaintiff has failed to state a claim upon which relief can be granted when classification under item 661.95, TSUS, is limited by Headnote 1(v), and item 709.17, TSUS, specifically describes the imported Dialyzers.

Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief May Be Granted, at 5.

In *Jarvis Clark Co.* v. *United States,* 733 F.2d 873, *reh'q denied,* 739 F.2d 628 (Fed. Cir. 1984), the court held that plaintiff's dual burden of proving the correctness of its own classification as well as the incorrectness of the government's classification was eliminated by virtue of the equity powers granted to this Court under section 301 of the Customs Courts Act of 1980, 28 U.S.C. § 2643 (1982). Under the dual burden, "an importer could prevail in a protest only if it pleaded the proper alternative classification, and the importer carried the burden of proving the facts pleaded." *Id.* at 876.

By vesting the Court with equity powers, Congress intended that the Court of International Trade reach the correct result in classification cases. "But the trial court cannot determine the correct result simply by dismissing the importer's alternative as incorrect. It must consider whether the government's classification is correct, both independently and in comparison with the importer's alternative." *Id.* at 878.

Because a claim will not always fail in the event that a plaintiff is unable to prove the correctness of its own classification, it would be incorrect for this Court to hold that no relief can be granted to an importer if the complaint contains an alternative classification which fails as a matter of law.

What is essential to state a claim for relief is that plaintiff allege the government's classification to be incorrect. The complaint implicitly does so.

Defendant's motion to dismiss is denied. So ordered.