Isadore LUDWIN, etc., Plaintiff, Appellant,

v.

CITY OF CAMBRIDGE et al., Defendants, Appellees.

No. 78–1258.

United States Court of Appeals, First Circuit.

Submitted Nov. 9, 1978.

Decided Feb. 16, 1979.

---

Isadore Ludwin on brief pro se.

Francis X. Bellotti, Atty. Gen., and E. Michael Sloman, Asst. Atty. Gen., Boston, Mass., on brief for State appellees.

Douglas A. Randall, Quincy, Mass., for Municipal appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Plaintiff's complaint, brought under 28 U.S.C. § 1343 and 42 U.S.C. § 1983, against the City of Cambridge, the assessors thereof, and the Appellate Tax Board, seeks, in substance, (1) a declaration that Massachusetts G.L. c. 59, § 64 requiring payment of assessed real estate taxes as a precondition to review of the validity of the assessment is a denial of procedural due process and (2) damages against the City and its assessors for knowingly placing a capricious, exorbitant and discriminatory assessment on his property and against the Appellate Tax Board for denying him a hearing.

In December of 1967 plaintiff's building was destroyed by fire. The assessed value of the property upon which the building had been located was maintained at the same level after the fire and was increased in 1976. The plaintiff's application for abatement to the defendant assessors was denied, and plaintiff's appeal therefrom to defend-ant Appellate Tax Board was dismissed for lack of jurisdiction under Mass.G.L. c. 59, § 64 as plaintiff had admittedly not complied with a condition of obtaining review—payment of the disputed tax. The plaintiff did not appeal this decision although appeals as to matters of law may be taken to the Massachusetts Supreme Judicial Court under Mass.G.L. c. 58A, § 13. Plaintiff thereafter filed the instant complaint. Defendants' motions to dismiss for lack of jurisdiction and failure to state a claim upon which relief may be granted were referred to a magistrate who recommended dismissal. The magistrate's report relied upon federal policy which precludes interference with state tax collection where there is an adequate state remedy. He concluded that the statutory abatement procedure, Mass.G.L. c. 59, § 64, provided plaintiff an adequate opportunity to present his challenge to the tax assessment as plaintiff had not alleged he was without resources to pay the tax. (In fact, in paragraph 36 of his complaint plaintiff states he is unable to pay the tax.) With respect to the damages actions, the magistrate concluded plaintiff's conclusory allegations were insufficient to state a cause of action. The defendants' motions to dismiss were granted for the reasons stated in the magistrate's recommendations, and plaintiff appealed. Plaintiff is proceeding pro se.

If plaintiff had merely sought a declaration of the invalidity of the tax assessment, federal declaratory relief would be appropriate only if no adequate state procedures were available to plaintiff for presenting his federal challenges to the tax. *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); *United States v. State Tax Commission,* 481 F.2d 963 (1st Cir. 1973). Here, while plaintiff ostensibly seeks a declaration not of the validity of the assessment itself but of the procedure requiring prepayment as a condition to review of the assessment, plaintiff's declaratory action as well as his damages claim is predicated upon the invalidity of the assessment itself and is, in essence, an attack upon the tax

assessment. Thus, the federal policy of non-interference with a state's collection of its revenue except where an asserted federal right might otherwise be lost governs the disposition of this declaratory action. *Horn v. O'Cheskey,* 378 F.Supp. 1280 (D.N.M. 1974). This policy is applicable even where, as here, the complaint is based on 42 U.S.C. § 1983. *Miller v. Bauer,* 517 F.2d 27 (7th Cir. 1975); *Hickman v. Wujick,* 488 F.2d 875 (2d Cir. 1973); *Bland v. McHann,* 463 F.2d 21 (5th Cir. 1972), *cert. denied,* 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973). Federal courts must, therefore, abstain unless adequate state procedures do not exist for raising plaintiff's federal claims.

■ A refund procedure has been considered an adequate state remedy which must be exhausted before invoking federal jurisdiction. *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); *Matthews v. Rodgers,* 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1932); *Aluminum Co. of America v. Dept. of the Treasury,* 522 F.2d 1120 (6th Cir. 1975); *Non-Resident Taxpayers Association v. Philadelphia,* 478 F.2d 456 (3d Cir. 1973); *Helmsley v. Detroit,* 320 F.2d 476 (6th Cir. 1963). However, in none of the above cases was a claim of denial of procedural due process made because of plaintiff's alleged inability to pay and thus to invoke the refund procedure. Where a refund procedure is not available to a taxpayer due to insufficient funds, the dispositive consideration whether a federal court will entertain the suit is the availability of other avenues in the state court to present the taxpayer's federal claims and obtain relief. *Tully v. Griffin, Inc.,* 429 U.S. 68, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976); *28 East Jackson Enterprises, Inc. v. Cullerton,* 523 F.2d 439 (7th Cir. 1975), *cert. denied,* 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83, *reh. denied,* 424 U.S. 959, 96 S.Ct. 1437, 47 L.Ed.2d 365; *Green v. Klinkofe,* 422 F.Supp. 1021 (N.D. Ind.1976).

■ We believe that an adequate state remedy was available to plaintiff. Massachusetts courts may entertain a declaratory action under Mass.G.L. c. 231A, § 1 in the tax field even though a taxpayer has not pursued his administrative remedy. *First Federal Savings & Loan Association v. State Tax Commission,* 77 Mass.Adv.Sh. 895, 363 N.E.2d 474 (1977), *aff'd,* 437 U.S. 255, 98 S.Ct. 2333, 57 L.Ed.2d 187; *S. J. Groves & Sons Co. v. State Tax Commission,* 77 Mass.Adv.Sh. 451, 360 N.E.2d 895 (1977); *Sydney v. Commissioner of Corporations and Taxation,* 371 Mass. 289, 356 N.E.2d 460 (1976). While normally a taxpayer is remitted to his administrative remedy, a declaratory action is appropriate when the administrative remedy is seriously inadequate under all the conditions of the case. *Sydney, supra,* at 463. Thus, plaintiff could have invoked the state declaratory procedure to challenge his tax assessment arguing that the administrative remedy, Mass.G.L. c. 59, § 64, was constitutionally inadequate as applied to him as he lacked the ability to comply with the prepayment requirement. We accordingly uphold the dismissal of plaintiff's district court complaint insofar as it sought a declaratory judgment.

■ While the federal declaratory action is barred by the policy of non-interference in state tax collection, the damages action is not necessarily so barred. *Fulton Market Cold Storage Co. v. Cullerton,* 582 F.2d 1071 (7th Cir. 1978), *petition for cert. filed,* 47 U.S.L.W. 3447 (U.S. Jan. 2, 1979) (No. 78–748). To the extent, however, it is maintained against the members of the Appellate Tax Board, it is clearly defective. Plaintiff's allegations indicate that the Board did no more than comply with Mass. G.L. c. 59, § 64 by dismissing his complaint for failure to comply with the prepayment terms of the statute. It is hard to see any other option open to it. We therefore affirm the dismissal as to the members of that Board.

■ Plaintiff also sought damages from the assessors and the City of Cambridge. The most concrete of plaintiff's voluminous allegations in his damages action against the assessors is that they "entered into a conspiracy and . . . deliberately made

an arbitrary and capricious assessment which discriminated against the plaintiff and unreasonably more than doubled the assessment on [plaintiff's property] over prior years, without making any such increase upon any other nearby land parcels . . .." The lower court found plaintiff's allegations against the assessors to be of the conclusory nature held insufficient in *Kadar Corp. v. Milbury,* 549 F.2d 230 (1st Cir. 1977) and *Slotnick v. Staviskey,* 560 F.2d 31 (1st Cir. 1977), *cert. denied,* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783. They certainly border on this type of insubstantiality, reflecting plaintiff's dissatisfaction with his tax assessment and a subjective characterization of the assessors' actions without setting forth much in the way of supportive facts. Assuming, without deciding, that the misconduct alleged would implicate federal due process or equal protection rights as well as rights under state law, we believe a court would ordinarily find it difficult or impossible to decide whether illegal practices had occurred of such gravity as to render the local officials answerable in damages without first ascertaining the correctness of the assessment, a question which both comity and common sense indicate is for the state tribunals. *Perez v. Ledesma,* 401 U.S. 82, 127–28 n. 17, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) (Brennan, J., concurring). While conceivably a district court could abstain in a situation like this—retaining jurisdiction and awaiting the outcome of state proceedings brought to review the assessment—we are disposed to consider the absence of any allegation of a prior state adjudication to be a fatal deficiency in plaintiff's case. At least we think

so in the absence of any allegations of special facts which would make it likely that a federal court could pass on the question of the assessors' misconduct without first determining, on its own, the correctness of the assessment—a matter properly reserved for state adjudication.[1] Under present circumstances, therefore, and in the absence of any allegation of a prior adjudication of the lack of correctness or unfairness of the assessment, we agree that a cause of action is not stated. However, in view of the less stringent standards applicable to the pleadings of pro se litigants, *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Guerro v. Mulhearn,* 498 F.2d 1249, 1256 (1st Cir. 1974), we think the dismissal should not be with prejudice. Depending on the outcome of state court proceedings for determining the correctness of his tax assessment which plaintiff may pursue, it is at least conceivable that plaintiff's complaint could be amended at some future date to state a cause of action in damages. This could be so, for example, if the assessment issue were to be decided in plaintiff's favor, a finding which would lay the groundwork for a claim of intentional misconduct by the officials.

Plaintiff's damages action against the City of Cambridge is based on the City's petitioning the Massachusetts Land Court to foreclose its tax lien knowing "that the Cambridge Assessors . . . acted arbitrarily, capriciously, and unreasonably." These allegations against the City are subject to the same infirmities as are those against the assessors. By the same token,

---

1. On the other hand, the Seventh Circuit has upheld a § 1983 case based upon somewhat similar, if more specific, allegations. *Fulton Market Cold Storage v. Cullerton,* 582 F.2d 1071 (7th Cir. 1978). While emphasizing the rule that a tax official's liability in damages would turn upon a finding of intentional wrongdoing, not mere inadvertence or negligence, the Seventh Circuit did not address the question of how to establish the wrongful conduct of the official without first determining the correctness of the tax assessment. Conceivably such determinations were not central to the damages action under the particular circumstances of the *Fulton* case, and thus prior state determina-

tion thereof was not necessary. Perhaps, for example, the illegality was so flagrant as to be patent (but if that is so, it would seem easy for plaintiff to secure a favorable state ruling as a predicate for a later or simultaneous damages action, which could be brought in either state or federal court). We think it would be the exceptional case where a taxpayer could, in federal court, state a damages action under § 1983 against state or local officials without alleging the existence of a prior state or at least administrative adjudication that the tax assessment was incorrect. Ordinarily, the later allegation would be necessary to overcome the qualified immunity of the state official.

however, the present failure to state a cause of action might later be cured in light of favorable state court proceedings. Thus the dismissal should likewise be without prejudice to bringing a later damages action if circumstances should warrant.

*Affirmed, except dismissal of the damages action is without prejudice to the extent indicated.*