John HURNEY, Plaintiff, Appellant,

v.

Norman CARVER et al., Defendants, Appellees.

No. 78–1550.

United States Court of Appeals, First Circuit.

Submitted April 5, 1979.

Decided July 5, 1979.

John Hurney, on brief, pro se.

Lee Carl Bromberg, Sp. Asst. Atty. Gen., and Robert H. Claridge, Counsel, Dept. of Correction, Boston, Mass., on brief for appellees.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Appellant, a state prisoner proceeding *pro se*, appeals from the dismissal of his civil rights complaint, 42 U.S.C. § 1983, for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The complaint alleges that appellant was denied due process during two disciplinary proceedings because his requests for legal assistance and for leave to call witnesses (or alternatively to submit statements from witnesses) were denied and because he was placed in solitary confinement for three days in violation of prison regulations. With respect to his solitary confinement and requests for legal assistance, we affirm the decision of the district court on the

grounds stated in the court's thoughtful opinion. The denials of appellant's requests to call witnesses or submit written statements will be the focus of this opinion.

Appellant's verified complaint alleges that on May 19, 1978, he was transferred from the general prison population to segregation. The next day he received a disciplinary report charging him with disobeying a corrections officer and disruptive conduct and describing the two incidents out of which the charges stemmed. On May 31, appellant was brought before the disciplinary board for a hearing at which he requested permission to call witnesses or, alternatively, to submit written statements from witnesses. These requests were denied by the chairman, who did not state his reasons for the denial. The chairman read the disciplinary report, noted appellant's plea of not guilty, accepted the disciplinary report as true, found appellant guilty, and sentenced him to thirty days isolation and ninety days loss of good time credits. Appellant appealed to the superintendent of the prison, which appeal was subsequently denied.

On June 5, 1978, appellant, apparently having been returned to the general population, received another disciplinary report, this time charging him with encouraging a riot, making threats, and conduct disruptive of security, and, again, describing the offending incident. Three days later, appellant was transferred to segregation. On June 20, he received notice that a disciplinary hearing was scheduled for June 22. At the hearing appellant requested that an inmate witness, who also was in segregation and who, he maintained, "clearly [would present] no rational threat to the good order and security of the institution if allowed to testify on [appellant's] behalf" be allowed to attend. This request, along with appellant's request for staff legal assistance, were denied by the chairman, on the grounds that they were "irrelevant". Appellant pleaded not guilty, but the board, "[b]ased upon [the] disciplinary report and no additional evidence offered", found him guilty and sentenced him to fifteen days in

isolation. An appeal was filed with the superintendent which was still pending when this suit was commenced.

Prison regulations permit inmates to call witnesses, if it "will not be unduly hazardous to institutional safety or correctional goals", and to present "relevant, noncumulative documentary evidence" in their defense. The district court stated that "[p]resumably, [appellant's] requests were denied for . . . reasons [consistent with these regulations]" and that the regulations conformed with the due process requirements for disciplinary hearings established in *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Furthermore, the court reasoned, since neither *Wolff* nor the regulations required the disciplinary board to state its reasons for denying a request to call witnesses, the fact that the board did not do so at the first hearing did not constitute grounds for relief under section 1983. The court dismissed the complaint with prejudice.

In *Wolff v. McDonnell* the Supreme Court outlined the due process rights which an inmate, facing sanctions such as solitary confinement or loss of good time credits, may have. Among them is the right to call witnesses and present documentary evidence in his defense at disciplinary hearings "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. at 566, 571 n. 19, 94 S.Ct. at 2979; *accord, Baxter v. Palmigiano*, 425 U.S. 308, 320–21, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). Because calling or gathering statements from witnesses may cause disruption or interfere "with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution, . . . [p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect state-

ments or to compile other documentary evidence." *Wolff*, 418 U.S. at 566, 94 S.Ct. at 2979–80. The Court also held that a disciplinary board need not state its reason for "refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases", but urged the board to do so. *Id.*

■ To state a claim, then, which will survive a Rule 12(b)(6) dismissal, it is not sufficient merely to allege that complainant's requests to call witnesses or submit written statements at a prison disciplinary hearing were denied, even if it is additionally alleged that the disciplinary board did not express its reasons for the denial. To state a valid claim, it must be alleged that the inmate's requests were denied for reasons not having to do with institutional security or correctional goals, and that the prison officials, in ruling as they did, clearly abused their considerable discretion in such matters. *Wolff v. McDonnell, supra*, 418 U.S. at 566–67, 94 S.Ct. 2963. *See Hayes v. Walker*, 555 F.2d 625, 629–30 (7th Cir.), *cert. denied*, 434 U.S. 959, 98 S.Ct. 491, 54 L.Ed.2d 320 (1977).* Moreover, these allegations must be backed up with enough supportive facts to outline the elements of the pleader's claim. *Kadar Corp. v. Milbury*, 549 F.2d 230, 233, 235 (1st Cir. 1977); *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977); *see Ludwin v. City of Cambridge*, 592 F.2d 606, 609–610 (1st Cir. 1979). While a *pro se* complaint is held to less stringent standards than one drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), "courts need not conjure up unpleaded facts to support . . . conclusory [allegations]." *Slotnick v. Striviskey*, 560 F.2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978).

■ With regard to the first disciplinary hearing, the complaint merely states that appellant's requests to call witnesses or sub-

---

* We cite *Hayes* only for the proposition that, despite the broad discretion prison officials have to deny requests to call witnesses or to submit statements, these denials are still subject to a limited judicial review for abuse of discretion.

mit statements were denied and that the board chairman did not state his reasons for the denial. In view of *Wolff*, these allegations do not state a claim under § 1983, upon which relief can be granted.

■ With regard to the second hearing, the complaint states that appellant asked to call as a witness an inmate who did not pose a security risk because like appellant he was in segregation. "This request, as well as [appellant's] request for staff [legal] assistance was denied by the chairman, being in his opinion 'irrelevant.'" *Wolff* states that "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits", and may deny a request when they think a witness' testimony will be irrelevant or unnecessary. Furthermore, no facts are alleged in the complaint from which the district court could have reasonably inferred that the denial was in fact for an inappropriate reason. Thus, the allegations pertaining to the second hearing also do not state a Rule 12(b)(6) claim under § 1983.

■ In his appellate brief, appellant alleges facts pertaining to his request to call a witness at the second hearing which were not included in his complaint, namely, that the witness was a principal in the incident being investigated and that the real reasons the board chairman denied his requests were arbitrariness, appellant's indigency and "the policies of the commissioner." Our scope of review of facts, however, is limited to those contained in the district court record and, since this appeal is from the dismissal of a complaint, "our focus is limited to the allegations" contained therein. *Litton Industries, Inc. v. Hernandez Colon*, 587 F.2d 70, 74 (1st Cir. 1978). Appellant should have included these additional facts in his complaint or at least, upon learning by way of the dismissal of his complaint that he had failed to indicate that his requests were denied for improper reasons, have included them in a motion to amend his complaint or for reconsideration.

*Accordingly, the judgment below is affirmed.*

BOWNES, Circuit Judge (dissenting).

The interpretation given to *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), by my brethren allows the hearing to become a meaningless charade. It invites the prison disciplinary board to exclude, without reason or explanation, any testimony by an inmate witness unless the accused can allege with particularity why such witness will not pose a security risk. Ordinarily, the facts necessary to underpin a finding that prison security would be adversely affected should a particular witness testify will be solely within the knowledge of prison officials, not prison inmates. The majority requires that the plaintiff prove a negative in a setting that, by its nature, severely limits his access to the facts. I do not think that *Wolff* permits, let alone mandates, such a distortion of due process. The Supreme Court specifically stated:

> We are also of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Ordinarily, the right to present evidence is basic to a fair hearing; but the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution. We should not be too ready to exercise oversight and put aside the judgment of prison administrators. It may be that an individual threatened with serious sanctions would normally be entitled to present witnesses and relevant documentary evidence; but here we must balance the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is required. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may

create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not prescribe it, it would be useful for the Committee to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases. Any less flexible rule appears untenable as a constitutional matter, at least on the record made in this case. The operation of a correctional institution is at best an extraordinarily difficult undertaking. Many prison officials, on the spot and with the responsibility for the safety of inmates and staff, are reluctant to extend the unqualified right to call witnesses; and in our view, they must have the necessary discretion without being subject to unduly crippling constitutional impediments. There is this much play in the joints of the Due Process Clause, and we stop short of imposing a more demanding rule with respect to witnesses and documents.

*Id.* at 566–67, 94 S.Ct. at 2979–80.

My brethren have taken the sentence, "Although we do not prescribe it, it would be useful for the committee to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity or the hazards presented in individual cases[ ]" and converted it into a positive holding that a disciplinary board need not state its reasons for refusing to call a witness. This is contrary to both the letter and the spirit of *Wolff.*

I interpret *Wolff* to mean that the disciplinary board has some residual duty to explain, albeit briefly, why witnesses were not allowed to testify.[1] Certainly, the Supreme Court did not hold that, unless a witness could factually support an allegation "that the inmate's requests were denied for reasons not having to do with institutional security or correctional goals," majority opinion at p. 4, his complaint should be dismissed for failure to state a cause of action.

Plaintiff alleged in regard to his first hearing that his request to call witnesses or submit statements was denied without reason. After his second hearing, plaintiff stated in his complaint that the witness whom he wanted to call did not pose a security risk because he was in segregation. This, despite the majority's characterization as conclusory, was a statement of fact that, to me at least, makes some sense. What was conclusory was the denial of the request as being "irrelevant" by the chairman of the disciplinary board.

As pointed out in *Hayes v. Walker,* 555 F.2d 625, 630 (7th Cir.), *cert. denied,* 434 U.S. 959, 98 S.Ct. 491, 54 L.Ed.2d 320 (1977), "a limited review of the broad discretion exercised by prison officials is essential." Such review is effectively eliminated by requiring the plaintiff, who is usually *pro se,* to frame a complaint with "supportive facts" demonstrating that the prison officials abused their discretion in refusing, without a brief statement of reasons, to allow a witness to testify.

Moreover, the cases cited by the majority for the proposition that there be a factual underpinning to the complaint can also be used as contrary authority. In *Kadar Corp. v. Milbury,* 549 F.2d 230, 233 (1977), we said: "While a complaint need only set out 'a generalized statement of facts', there must be enough information 'to outline the elements of the pleaders' claim." It is clear here what the claim is. In *O'Brien v. DiGrazia,* 544 F.2d 543, 546 n.3, we cited to *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80, which held:

In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Since this is a *pro se* complaint, it is not held to the standards of one drafted by an attorney. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1. *But see Walker v. Hughes,* 558 F.2d 1247, 1259 (6th Cir. 1977).

The sufficiency of a complaint is thus, in the final analysis, left to the eyes of the beholder. In my eyes, at least, it does not appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra,* at 45–46, 78 S.Ct. at 102.

I am not alone in my view that the disciplinary board should give some sort of reason as to why allowing an inmate witness to testify would entail security problems. In *Hayes v. Walker, supra,* 555 F.2d 625, the Seventh Circuit rejected as conclusory and inadequate under *Wolff* the following statement by prison officials for refusing to allow plaintiff's requested witnesses to testify.

> The Committee moves the motion for witnesses be denied for the following reasons: The residents requested would be placed in highly compromising positions with regard to possible retribution from other residents and to call resident witnesses could prove hazardous to both witnesses and institutional security.

*Id.* at 628–29. The court recognized that the right to call witnesses was a limited one, and that broad discretion rested with the prison officials. But it held that the discretion was not unbounded.

> If we were to allow broad unsupported findings as were offered in the present case to support as Institutional Adjustment Committee's decision, a prisoner's limited right to call witnesses could be arbitrarily denied in any case and thereby be rendered meaningless. This court would be unable to exercise even limited review of such broad findings. Thus, if a proposed witness is not to be called, support for that decision and not just a broad conclusion should be reflected in the record. Prison officials should look at each proposed witness and determine whether or not he should be allowed to testify.

*Id.* at 630.

The Second Circuit in *Cardaropoli v. Norton,* 523 F.2d 990, 996 (2d Cir. 1975), cited *Wolff* as support for the holding:

At the hearing, the prisoner *must* be permitted to call witnesses and present documentary evidence; however, the hearing officer retains discretion "to keep the hearing within reasonable limits . . ." *Wolff v. McDonnell, supra,* 418 U.S. at 566, 94 S.Ct. at 2980.

(emphasis added).

I think the proper approach here is the same one followed in *Hayes v. Walker, supra,* 550 F.2d 625, which also considered the dismissal of a prisoner's complaint for failure to state a cause of·action. The case was remanded for a determination as to whether the prison officials "properly barred plaintiff from calling any witnesses or presenting any documentary evidence by way of affidavits." *Id.* at 630. This puts the burden where it properly belongs and does not saddle the plaintiff with the almost impossible task of factually outlining why allowing a witness to testify would not constitute a threat to prison security.

The result reached by the majority is not mandated by *Wolff* and is forbidden by the due process clause of the Constitution.

For the foregoing reasons, I respectfully dissent.