798 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leroy WILLIAMS, Plaintiff-Appellant,
v.
H.W. STANTON, et al., Defendants-Appellees.
 No. 85-5462.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1986.
 
 1
 W.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before KRUPANSKY and BOGGS, Circuit Judges, and PORTER, Senior District Judge.*
 
 ORDER
 
 4
 This pro se Tennessee state prisoner appeals from a district court judgment summarily dismissing his civil rights complaint filed under 42 U.S.C. S1983 for being frivolotis pursuant to 28 U.S.C. S1915(d).
 
 
 5
 Seeking monetary damages, the plaintiff sued everyone in the Tennessee state criminal justice system who had anything to do with his alleged false arrest, malicious prosecution and ultimate fraudulent conviction for armed robbery. Naming fifteen defendants in his complaint and motion to amend, including the state attorney general, all his staff, judges, lawyers, and clerks, the plaintiff charged them with being evil rubber stampers who secretly indict and fraudulently convict people to further their own depressive psychoses and their "rubber stamp-malpractice judicial system."
 
 
 6
 Clearly, the plaintiff's allegations are mere conclusions and opinions devoid of factual support and they are, therefore, insufficient to state a valid cause of action. See Hurney v. Carver, 602 F.2d 993, 995 (1st Cir.1979); Bryan v. Stillwater Bd. of Realtors, 578 F.2d 1319, 1321 (10th Cir.1977); Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir.1971). Even if a claim had been stated, policy considerations as expressed in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) and Younger v. Harris, 401 U.S. 37 (1971), dictate that under these circumstances a federal court should stay its hand and not address the claims asserted in a civil rights complaint before the state courts are first given an opportunity to redress the possible illegal state court conviction. Hadley v. Werner, 753 F.2d 514 (6th Cir.1985) (per curiam ). In addition, by all appearances, plaintiff really sought to attack the fact and duration of his confinement which he may only do by seeking a writ of habeas corpus under 28 U.S.C. Sec. 2254 after exhaustion of state court remedies. Preiser v. Rodriguez, supra; Hadley v. Werner, supra; Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984).
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Hon. David S. Porter, Senior U.S. District Judge for the Southern District of Ohio, sitting by designation