802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD G. POSTLETHWAITE; BOBBY ALLEN WILLIAMS; LARRY D.
RAVER; TERRY LEE WILLIAMS; MARIO D. BARRON,
Plaintiffs-Appellants
v.
GOVERNOR RICHARD CELESTE; DIRECTOR RICHARD SEITER; CHIEF
RAYMOND CAPOTS; ATTORNEY ALLEN P. ADLER; RONALD
C. MARSHALL, Defendants-Appellees.
 No. 85-3643.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1986.
 
 1
 BEFORE: KEITH and GUY, Circuit Judges; and BALLANTINE, District Judge*
 
 ORDER
 
 2
 Plaintiffs appeal from a district court judgment dismissing their civil rights complaint filed under 42 U.S.C. Secs. 1983 and 1985(3).
 
 
 3
 Seeking monetary and injunctive relief from multiple Ohio State officials, and charging the officials with graft and public corruption, the plaintiffs alleged that the defendants have diverted public funds earmarked for expansion of the Southern Ohio Correctional Facility for their own personal use and with using their influence over the Parole Board to deny inmates parole, thus keeping the correctional facility overcrowded and insuring that they would receive more funds earmarked for expansion in a vicious cycle of funneling the funds to their own use. Proof of these claims allegedly is found in the defendants' failure to implement vocational and educational programs at the correctional facility which is their duty to develop and implement under Ohio Revised Code Secs. 5120.03, 5120.43 and 5120.44. According to the plaintiffs, the defendants are thereby inflicting cruel and unusual punishment on them and depriving them of their liberty and personal rights guaranteed them under the federal constitution and Ohio statutory law for which they seek relief under 42 U.S.C. Secs. 1983 and 1985(3).
 
 
 4
 Upon review of the cause in light of the arguments presented by the parties in their respective briefs, this Court concludes that the district court properly dismissed plaintiffs' complaint for several reasons. The statutes in question do not create constitutionally protected liberty interests in vocational and educational programs for Ohio state inmates. The programs are required to be developed, but they are to be implemented under the very broad discretion and expertise of the prison officials. Their discretion is not limited by any substantive limitation to which due process could apply. Redress for the alleged denial of the programs cannot, therefore, be sought under 42 U.S.C. Sec. 1983. See Naegele Outdoor Advertising Co. v. Moulton, 773 F.2d 692, 702-3 (6th Cir. 1985); Walker v. Mintzes, 771 F.2d 920, 933-34 (6th Cir. 1985); Bills v. Henderson, 631 F.2d 1287, 1298 (6th Cir. 1980). Redress should, rather, be sought in the state courts in this case because it is inappropriate for federal courts to order state defendants to conform their actions to state law. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984).
 
 
 5
 Even if a liberty interest were created, the plaintiffs would have to seek redress in the Ohio state courts. The denial of their liberty rights is alleged to be illegal; it is, therefore, an unauthorized and random deprivation, Four Seasons Apartment v. City of Mayfield Heights, 775 F.2d 150, 152 (6th Cir. 1985); Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, 105 S.Ct. 125 (1984), for which redress must be sought in the Ohio State courts, Wilson v. Beebe, 770 F.2d 578 (6th Cir. 1985) (en banc), where an adequate remedy may be found. Vicory v. Walton, supra.
 
 
 6
 Furthermore, it is clear the alleged denial of the programs does not constitute punishment, much less cruel and unusual punishment. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981). In addition, a finding of cruel and unusual punishment must be buttressed upon specific conditions and not upon the totality of the circumstances, not one of which violates the Eighth Amendment. Walker v. Mintzes, 771 F.2d at 925-26. No such conditions are alleged to exist in this case.
 
 
 7
 Plaintiffs' allegations of graft and public corruption are likewise unsupported by specific facts and are, therefore, insufficient to state a cause of action. See Hurney v. Carver, 602 F.2d 993, 995 (1st Cir. 1979); Bryan v. Stillwater Bd. of Realtors, 578 F.2d 1319, 1321 (10th Cir. 1977); Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971). For this same reason, plaintiffs failed to adequately allege that the defendants were motivated in their conspiracy by a racial or other class-based animus to deprive them of rights commonly enjoyed by others. Griffin v. Breckenridge, 403 U.S. 88 (1971); Browder v. Tipton, 630 F.2d 1149, 1151-52 (6th Cir. 1980). Plaintiffs, therefore, failed to state a cause of action under 42 U.S.C. Sec. 1985(3).
 
 
 8
 This panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, U.S. District Judge for the Western District of Kentucky, sitting by designation