915 F.2d 1556
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Dennis MALLEY, et al., Plaintiffs, Appellants,
v.
John McGONIGLE, et al., Defendants, Appellees.
 No. 89-2129.
 United States Court of Appeals, First Circuit.
 July 3, 1990.
 
 Appeal from the United States District Court for the District of Massachusetts Edward F. Harrington, District Judge.
 Donald J. McClain and Dennis J. Malley on brief, pro se.
 Richard L. Barry, Jr. on Motion for Summary Disposition and Memorandum in Support of Summary Disposition, for appellees John P. McGonigle and William N. Quealy.
 D.Mass.
 AFFIRMED.
 Before BREYER, Chief Judge, and CAMPBELL and TORRUELLA, Circuit Judges.
 PER CURIAM.
 
 
 1
 On May 8, 1989, appellants, Dennis Malley, Donald McClain, Archie Ross, James Horn and William Doucette, filed a 42 U.S.C. Sec. 1983 complaint in the United States District Court for the District of Massachusetts. They commenced the action as a class action under Fed.R.Civ.P. 23(a) and claimed a violation of the eighth amendment and the public health codes of Massachusetts. They are all incarcerated at the Middlesex County House of Correction at Billerica ("Billerica"). They named as defendants Billerica, John P. McGonigle, Sheriff of Middlesex County, and William Quealy, Superintendent of Billerica.
 
 
 2
 They complain that while they were housed in segregation due to rules' infractions, their cell block was sprayed with a pesticide harmful to humans. Later that same day, they claim, several inmates became ill and required medical attention. The inmates allegedly still suffer the effects of this illness. Appellants also complained of poor ventilation, inadequate lighting, high noise level, poor condition of pipes and walls, the possible presence of lead paint, and the existence of asbestos in the pipe linings.
 
 
 3
 Defendants moved to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). They first claimed that Billerica could not be named as a defendant because it is neither a natural person nor a corporation and, as a result, is not a legal entity. Thus, they assert, an action may only be brought against the individuals making up the entity. They also argued that as an agency of Middlesex County, Billerica lacked legal capacity to be a party to a lawsuit.
 
 
 4
 As to the two individual defendants, they argue that they are only mentioned in the caption and the description of parties. They point out that there are no factual allegations connecting them to the particular grievances or any averments that they participated in, or were responsible for, appellants' conditions of confinement. Nor they claim, can they be responsible for any conduct of their employees. First, they were not on notice of any pervasive constitutional violations. Second, the supervision of their employees was not conducted in a grossly negligent manner. Finally, they argue that there is no liability because there is no evidence that the alleged deprivation of rights occurred pursuant to official policy or custom.
 
 
 5
 On the merits of the eighth amendment claim, defendants argue that appellants failed to establish that the conditions of confinement deprived them of their basic human needs. As for the extermination with an allegedly harmful pesticide, the defendants argue that they did not act with recklessness, that the spraying was done for the well-being of appellants and did not unnecessarily inflict pain.
 
 
 6
 On October 20, 1989, the district court dismissed the complaint on the ground that it failed to allege sufficient facts to support a claim under Sec. 1983. This appeal ensued.
 
 
 7
 On appeal, appellants assert that the sheriff and the superintendent are in charge of the custody of prison buildings. Specifically, they argue that the sheriff is one of the proper authorities to whom health rules are sent and that he is responsible for enforcing such rules. They add that at the time they filed their complaint they did not know who the pesticide contractor was. Had they known, they assert, the contractor would have been named as a defendant. Appellants also claim that the chemical spraying was not done pursuant to state codes and laws.
 
 
 8
 Generally, appellants argue that local governing bodies may be sued directly under Sec. 1983 and that they need not allege that the individual defendants acted in bad faith. They maintain that inadequate ventilation and excessive noise may violate the eighth amendment. They aver that the district court should have allowed them to present evidence in addition to their "inartfully drawn pleadings." Specifically, they wish to be allowed to present medical documentation concerning the alleged sickness caused by the spraying of the pesticide.
 
 
 9
 Leaving aside the question whether the named defendants could properly have been held liable under Sec. 1983, appellants' complaint is defective on a more basic level. Although they make the allegation that the pesticide spraying caused them to become ill, they do not describe in any detail the symptoms, diagnoses or degree of illness suffered by them--facts particularly within their knowledge. Nor do they make any factual connection between the spraying and their alleged illnesses.
 
 
 10
 Even though pro se plaintiffs' pleadings are held to less stringent standards then those of lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), this court has required "even pro se plaintiffs to plead specific facts backing up their claims of civil rights violations." Glaros v. Perse, 628 F.2d 679, 684 (1st Cir.1980) (emphasis added). There is no evidence that the medical records they now seek to be allowed to present were not available to them during the pendency of the district court proceedings. To survive defendants' motion to dismiss, some facts outlining the nature of their claim--the sickness suffered by appellants--should have, and presumably could have, been pled in their complaint. See Hurney v. Carver, 602 F.2d 993, 995 (1st Cir.1979).
 
 
 11
 The appellants' eighth amendment claims concerning poor lighting and ventilation, dilapidation of the pipes, excessive noise level, the existence of asbestos in the pipe linings and the possible presence of lead fail for the same reason. For example, they allege no facts as to the specific problems with the lighting--e.g., times, levels of light in relation to particular activities, or the results of efforts to bring the problem to the attention of the authorities in charge. The same can be said in relation to the remainder of the eighth amendment claims. As for the existence of asbestos and lead, serious allegations, they do not cite facts as to the actual location of these substances, how they discovered the presence of the lead or asbestos and, again, what they did to bring the problem to the attention of the authorities.
 
 
 12
 In light of the failure to plead specific facts to support any of their claims, we affirm the judgment of the district court dismissing appellants' complaint.