**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2538

MICHAEL COTE, ET AL.,

Plaintiffs, Appellants,

v.

ROBERT MURPHY AND MICHAEL T. MALONEY,

Defendants, Appellees.

ON APPEAL FROM A JUDGMENT OF

THE UNITED STATES DISTRICT COURT

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch and Lipez, Circuit Judges.

Michael Cote, et. al., pro se, on memorandum.
Brian P. Mansfield, Counsel, Department of Correction, and
Nancy Ankers White, Special Assistant Attorney General, on brief
for Defendants, Appellees.

October 21, 2005

**Per Curiam**.  Plaintiffs/appellants are four individuals who have been adjudicated to be "sexually dangerous persons" and civilly committed to the Massachusetts Treatment Center under Mass. G.L. ch. 123A, §§ 1-16.  In this pro se action brought pursuant to 42 U.S.C. § 1983, they challenge the Center's policy of "double-bunking" its residents, claiming that such a practice violates the Fourteenth Amendment and the Center's management plan.  Upon motion from defendants, the district court dismissed the amended complaint, <u>inter alia</u>, for failure to state a claim.  Plaintiffs have timely appealed but have chosen not to file a brief, preferring instead to rely on their submissions below.  We affirm essentially for the reasons enumerated by the district court, adding only the following.

It is undisputed that due process provides the governing standards in this context.  <u>See</u>, <u>e.g.</u>, <u>Seling</u> v. <u>Young</u>, 531 U.S. 250, 265 (2001).  The "dispositive inquiry" is whether the challenged restrictions constitute "punishment."  <u>Block</u> v. <u>Rutherford</u>, 468 U.S. 576, 583 (1984).  To pass muster, "the conditions and duration of confinement [must]. . .bear some reasonable relation to the purpose[s] for which persons are committed," <u>Seling</u>, 531 U.S. at 265--which here include not only treatment and rehabilitation but public safety, <u>see</u>, <u>e.g.</u>, <u>Kansas</u> v. <u>Hendricks</u>, 521 U.S. 346, 363 (1997).  Among the other

protections afforded by due process is the right to "reasonable safety." Youngberg v. Romeo, 457 U.S. 307, 324 (1982).

Double-bunking is not a per se violation of due process, see Bell v. Wolfish, 441 U.S. 520, 541-43 (1979), but in rare cases might amount to an unlawful practice when combined with other adverse conditions, see, e.g., id. at 542; Inmates of Suffolk County Jail v. Rufo, 12 F.3d 286, 293-94 (1st Cir. 1993); cf. Nami v. Fauver, 82 F.3d 63, 65-68 (3d Cir. 1996) (holding that such a challenge stated Eighth Amendment claim). Yet this is not such a case. The district court properly found an absence of "any factual allegation that demonstrates that double-bunking has [caused] or will cause these plaintiffs any sort of constitutionally-cognizable injury." Based on the amended complaint alone, that conclusion is inescapably true; plaintiffs there simply asserted that they were being put "in harm[']s way." And it remains true even if (in recognition of plaintiffs' pro se status) one considers the factual allegations contained in all of their filings below. We explain briefly.

In charging that double-bunking amounts to punishment, plaintiffs mainly argue that the practice increases the risk of sexual assaults and other violence. They maintain that "room visits" among residents were restricted in 1996 and then prohibited in 2003 largely for this reason. They also allege that defendants have failed to evaluate potential roommates for compatibility, as

-3-

required by the Center's management plan.  What is missing, however, is any suggestion that plaintiffs themselves are in danger of being harmed.  Indeed, they offer brief descriptions of their own residential arrangements which are entirely devoid of such concerns.  "While a pro se complaint is held to less stringent standards than one drafted by an attorney. . ., courts need not conjure up unpleaded facts to support. . .conclusory [allegations]."  Hurney v. Carver, 602 F.2d 993, 995 (1st Cir. 1979) (internal quotation marks omitted; brackets in original).

On this record, plaintiffs' due process claim thus effectively reduces to a charge that double-bunking of sex offenders is a per se constitutional violation.  That proposition is without merit.  See, e.g., Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir.) (holding that, in light of Wolfish, "[d]etails such as double celling add nothing" to due process claim brought by civilly-committed sexually dangerous persons in Illinois), cert. denied, 540 U.S. 985 (2003).

Plaintiffs also object that as pro se litigants they should have been notified of any pleading deficiencies and given a chance to amend their complaint accordingly.  Yet defendants' memorandum provided ample notice, asserting that "plaintiffs have failed to allege that they have suffered any injury as a result of being double bunked."  And at no time since--either in opposition to that memorandum, in response to the district court's decision,

or on appeal--have plaintiffs proffered any new factual allegations in an attempt to address this shortcoming. We also note that the complaint was not dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2), as plaintiffs suggest, but rather under Fed. R. Civ. P. 12(b)(6).

Affirmed.