DYK, Circuit Judge,
concurring-in-part and dissenting-in-part.
Although I agree with the majority’s decision to vacate and remand with respect to the claim of trademark infringement, I dissent from the majority’s decision to vacate the dismissal of the claim of patent infringement under the doctrine of equivalents. In my view, the majority’s decision in this respect is inconsistent with the Supreme Court’s recent decision in Bell Atlantic Corp. v. Twombly, — U.S. -, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
Here McZeal’s complaint only appears to assert infringement under the doctrine of equivalents.[1] U.S. Patent No. 6,763,226 (“the '226 patent”) contains 12 claims. The two independent claims of the patent include dozens of specific claim limitations, and the dependent claims include numerous additional limitations. Without specifying which claims of the 12 claims were infringed, McZeal alleged simply that
As previously stated in this Complaint the defendants SPRINT NEXTEL CORPORATION and agents manufacturers or distributes a product called “INTERNATIONAL WALKIE TALKIE” or Motorola i930 cellular device which infringes on one or more of plaintiffs patent claims and on the plaintiffs issued patent, and this infringement is willful, and done with full knowledge. Defendants [sic] INTERNATIONAL WALKIE TALKIE infringes plaintiff [sic] patent via the doctrine of equivalents because the elements of the infringing device when used in cellular telephones, are the equivalent o[f] the plaintiffs patented invention, because it performs basically the same function in the same way using a cellular telephone to achieve the same result as plaintiffs ... invention.
(Compl. at 51). McZeal also had a lengthy opportunity at the hearing on the motion to dismiss to explain his contentions. Despite this opportunity, McZeal failed to explain how the accused device infringed under the doctrine of equivalents. In fact, as the district court noted, McZeal conceded that he did not know “what mechanism Nextel uses to transmit and connect its telephone customers to the rest of the world.” J.A. 160.
Federal Rule of Civil Procedure 8(a) requires litigants to set forth “a short and plain statement of the claim showing that the pleader is entitled to relief,” and the complaint must “be so construed as to do substantial justice.” Fed.R.Civ.P. 8(f).[2] *1360 Form 16, entitled “Complaint for Infringement of Patent,” provides the following example of a sufficient pleading in a patent infringement suit:
1. Allegation of jurisdiction.
2. On May 16, 1934, United States Letters Patent No. — were duly and legally issued to plaintiff for an invention in an electric motor; and since that date plaintiff has been and still is the owner of those Letters Patent.
3. Defendant has for a long time past been and still is infringing those Letters Patent by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court.
4. Plaintiff has placed the required statutory notice on all electric motors manufactured and sold by him under said Letters Patent, and has given written notice to defendant of his said infringement.
In my view, a bare allegation of literal infringement using the form is inadequate to provide sufficient notice to an accused infringer under a theory of literal infringement. The form fails to state which claims are asserted and which features of the accused device are alleged to infringe the limitations of those claims.[3] In alleging that the “electric motors embod[y] the patented invention” the form fails to recognize that a patent is only infringed when the accused product satisfies all of the limitations of the claims. However, I agree that under Rule 84 of the Federal Rules of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form 16 would be sufficient under Rule 8 to state a claim.[4] One can only hope that the rule-making process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.
The pertinent question here, however, is whether Form 16 should be read to apply *1361 to claims under the doctrine of equivalents. Form 16 does not appear on its face to address the doctrine of equivalents. The form itself, which became effective in 1938,[5] long predates the modern day doctrine of equivalents articulated by the Supreme Court more than a decade later in Graver Tank & Manufacturing Co. v. Linde Air Products Co., 339 U.S. 605, 610, 70 S.Ct. 854, 94 L.Ed. 1097 (1950). The Supreme Court in Bell Atlantic suggests that the forms should not be interpreted as going beyond the fact situation described in the form. In Bell Atlantic the Court distinguished between the requirements for pleading a complex antitrust claim from the “simple fact pattern laid out in Form 9,” which pertains to basic negligence claims. 127 S.Ct. at 1970 n. 10. In my view, Form 16 should not be read as applying to a complex doctrine of equivalents claim.
McZeal’s complaint utterly fails to provide any meaningful notice as to how Sprint has infringed the claims under the doctrine of equivalents. It fails to specify which limitations are literally infringed and which are infringed by equivalents, or, as to the limitations alleged to be infringed by the doctrine of equivalents, how the accused product is insubstantially different from the patented devices.
The Supreme Court’s decision in Bell Atlantic makes clear that McZeal’s conclu-sory allegations of infringement under the doctrine of equivalents are insufficient. See 127 S.Ct. at 1962-63. At issue in Bell Atlantic was whether, to state a claim for conspiracy under § 1 of the Sherman Act, 15 U.S.C. § 1, it was sufficient to allege that the major telecommunications providers “have entered into a contract, combination or conspiracy to prevent competitive entry in their respective local telephone and/or high speed internet services markets and have agreed not to compete with one another and otherwise allocated customers and markets to one another” coupled with an allegation of parallel conduct.[6] Id. at 1962-63. The Second Circuit ordered the complaint dismissed, relying on Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the same decision on which the majority relies here, particularly language in that opinion that “a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Twombly v. Bell Atlantic Corp., 425 F.3d 99, 106 (2d Cir.2005).
The Supreme Court reversed. 127 S.Ct. at 1961. The Court clarified that its earlier language in Conley should not be read “in isolation” to support “a wholly eonclu-sory statement of claim,” and recognized that “this famous observation [in Conley] has earned its retirement.” Id. at 1968-69. The Court explained that “[wjhile a complaint attacked by a Rule 12(b)(6) mo *1362 tion to dismiss does not need detailed factual allegations, a plaintiffs obligation to provide the ‘grounds’ of his ‘entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.” Id. at 1964-65 (internal citations omitted). The Court noted that “[wjithout some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only ‘fair notice’ of the nature of the claim, but also ‘grounds’ on which the claim rests.” Id. at 1965 n. 3. It is necessary to allege sufficient facts in the complaint so that “when the allegations in a complaint, however true, could not raise a claim of entitlement of relief, this basic deficiency [is] ... exposed at the point of minimum expenditure of time and money by the parties and the court.” Id. at 1966 (internal quotation marks omitted). The Court concluded that
we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.
Id. at 1965.
Plainly Bell Atlantic applies outside the antitrust context, and the requirements of Bell Atlantic apply here.[7] The consequence of allowing McZeal’s conclusory allegations to proceed is to expose the defendant to potentially extensive discovery before a motion for summary judgment may be filed.[8] Thus the district court here “must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.” Bell Atlantic, 127 S.Ct. at 1967.
Even before Bell Atlantic, courts have recognized that conclusory allegations are insufficient to state a claim of infringement.[9] Specifically, in Dow Jones & Co. v. International Securities Exchange, Inc., 451 F.3d 295 (2d Cir.2006), the Second Circuit found that the mere assertion that *1363 the defendant’s trademarks would constitute trademark infringement “without any factual allegations concerning the nature of the threatened use, does not give the defendants fair notice of the claims against them and does not show, by facts alleged, that Dow Jones is entitled to relief.” Id. at 307. The court concluded that “[a]s to the trademark claims, Dow Jones’s complaint, consists of conclusory allegations unsupported by factual assertions and therefore it fails even the liberal standard of Rule 12(b)(6).” Id. (internal citations and quotation marks omitted). McZeal’s allegations are no more specific than the conclusory allegations in Dow Jones, and are plainly insufficient to state a claim.[10]
Under the majority opinion it is now sufficient to simply allege in the complaint that the patent is infringed by the defendant’s sale of a particular product without even specifying which specific claims are alleged to be infringed or the features of the accused device that satisfy the limitations of these claims. We have consistently held that, under the doctrine of equivalents, to create an issue of material fact a patentee must prove infringement on a limitation-by-limitation basis by submitting particularized testimony. AquaTex Indus., Inc. v. Techniche Solutions, 479 F.3d 1320, 1329 (Fed.Cir.2007); Texas Instruments Inc. v. Cypress Semiconductor Corp., LSI, 90 F.3d 1558, 1566 (Fed.Cir.1996). We have recognized this requirement in the summary judgment context. See Network Commerce, Inc. v. Microsoft Corp., 422 F.3d 1353, 1363 (Fed.Cir.2005). While pleading requirements are less strict, these cases underscore the need to supply some specificity in both alleging and proving a doctrine of equivalents claim.
The majority’s remand is particularly puzzling since McZeal’s failure to investigate the accused device may indeed be sanctionable. In Judin v. United States, 110 F.3d 780, 784-85 (Fed.Cir.1997), we held that sanctions were warranted where the inventor did not obtain, or attempt to obtain, the accused device “so that its actual design and functioning could be compared with the claims of the patent.” See also Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1302 (Fed.Cir.2004) (“[Ojur case law makes clear that the key factor in determining whether a patentee performed a reasonable pre-filing inquiry is the presence of an infringement analysis.”).
Accordingly, since in my view McZeal has failed to allege facts supporting a doctrine of equivalents claim as required by Bell Atlantic, I would affirm the district court’s dismissal of McZeal’s doctrine of equivalents infringement claim.

. At the hearing before the district court, McZeal appeared not to contend that the claim limitations were literally satisfied. Sprint notes in its brief that McZeal “limited his pleading to a charge of infringement under the doctrine of equivalents,” Appellee’s Br. at 18, and McZeal did not dispute this assertion in his reply. Even if one were to read the complaint as alleging literal infringement as well as infringement under the doctrine of equivalents, I see no basis for declining to affirm the district court's dismissal of the doctrine of equivalents claim.

. Although the pleadings of pro se litigants must be liberally construed, Taylor v. Books A *1360 Million, Inc., 296 F.3d 376, 378 (5th Cir.2002), McZeal is a serial litigator who has frequently brought unmeritorious cases. McZeal is familiar with pleading requirements, and, in my view, should not benefit from the usual liberal reading given to pro se litigants. See Reid v. Checkett & Pauly, 197 F.3d 318, 320 (8th Cir.1999) (upholding dismissal of pro se complaint where plaintiff did not comply with order to amend complaint but was "an intelligent, experienced, and sophisticated pro se litigant.”). But, whether or not the liberal reading applies, a pro se litigant cannot rely on conclusory allegations. See Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir.2000) ("Even after allowing for due deference to a pro se plaintiff, Cruz’s conclusory allegations of a due process violation are insufficient.”); Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir.1996) ("If the plaintiff proceeds pro se, the court should construe his pleadings liberally.... Nevertheless, conclu-sory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.” (internal citations and quotation marks omitted)).

. To some extent, the problem with the brevity of the form has been ameliorated by some local rules which "require[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.” O2 Micro Int’l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1365-66 (Fed.Cir.2006) (discussing the local rules for the Northern District of California). But these the local rules do nothing to require an adequate statement of the claim before discovery commences.

. Federal Rule of Civil Procedure 84 provides that "[t]he forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate.”

. The prayer for relief portion of the form was amended in 1963 to reflect the language of the present patent statute, 35 U.S.C. § 284. This amendment did not affect the relevant portion of the form.

. The complaint in Bell Atlantic alleged:
In the absence of any meaningful competition between the [ILECs] in one another’s markets, and in light of the parallel course of conduct that each engaged in to prevent competition from CLECs within their respective local telephone and/or high speed internet services markets and the other facts and market circumstances alleged above, Plaintiffs allege upon information and belief that [the ILECs] have entered into a contract, combination or conspiracy to prevent competitive entry in their respective local telephone and/or high speed internet services markets and have agreed not to compete with one another and otherwise allocated customers and markets to one another.
Id. at 1962-63.

. The Second Circuit in Iqbal v. Hasty, 490 F.3d 143 (2d Cir.2007), has stated that
[w]e are reluctant to assume that all of the language of Bell Atlantic applies only to section 1 allegations based on competitors’ parallel conduct or, slightly more broadly, only to antitrust cases. Some of the language relating generally to Rule 8 pleading standards seems to be so integral to the rationale of the Court’s parallel conduct holding as to constitute a necessary part of that holding.
Id. at 157.

. The American Intellectual Property Law Association's ("AIPLA”) recent report states that the median cost of discovery in a patent infringement suit is between $350,000 and $3,000,000. AIPLA Report of the Economic Swvey 2007 25 (2007).

. See Martin v. Davies, 917 F.2d 336, 340 (7th Cir.1990) ("Martin's conclusory allegations of prejudice fail to meet any standard of sufficiency.”); Munz v. Parr, 758 F.2d 1254, 1259 (8th Cir.1985) ("Munz’s conclusory statements are not sufficient to state a claim against the city or county. He has done little more than merely parrot the language of Mo-nell.” (internal citations and quotation marks omitted)); Hurney v. Carver, 602 F.2d 993, 995 (1st Cir.1979) (“While a Pro se complaint is held to less stringent standards than one drafted by an attorney, ... courts need not conjure up unpleaded facts to support ... conclusory allegations.”) (internal citations and quotation marks omitted); see also 5 C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed.2004) ("a pleader’s conclusory allegations of law, unsupported factual assertions, and unwarranted inferences do not have to be accepted by the federal court as true, particularly on a Rule 12(b)(6) motion to dismiss or a Rule 12(c) for judgment on the pleadings”).

. Phonometrics, Inc. v. Hospitality Franchise Sys., Inc., 203 F.3d 790 (Fed.Cir.2000), cited by the majority, is not to the contrary. That case predates Bell Atlantic, and in any event the allegations of literal infringement there were considerably more detailed than the allegations here because the complaint explained "the means by which the defendants allegedly infringed." Id. at 794.
Here the trademark claim, unlike the patent infringement claim, in my view alleges sufficient facts to pass under Rule 8.