**(Not for Publication in West's Federal Reporter)**

# United States Court of Appeals

## For the First Circuit

No. 10-1079

EUGENE F. RECTOR,

Plaintiff, Appellant,

v.

DEPARTMENT OF CORRECTION, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Lipez, Howard and Thompson,
Circuit Judges.

Eugene F. Rector on brief pro se.
Kristin J. Cole, Department of Correction and Nancy Ankers White, Special Assistant Attorney General, on brief for appellees.

July 20, 2010

**Per Curiam**.  Eugene F. Rector has appealed the district court's dismissal of his civil action, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim upon which relief may be granted.  Rector, civilly committed as a sexually dangerous person to the Massachusetts Treatment Center in Bridgewater, Massachusetts, alleged that the double-bunking in that facility violated his Fourteenth Amendment right to Due Process.  We review a district court's sua sponte dismissal, de novo.  Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).  Upon de novo review, we affirm.

On appeal, Rector contends that the district court erred in dismissing his complaint without giving him an opportunity to amend that complaint.  However, Rector had notice of the defect in his complaint.  His 2009 federal complaint was identical to his prior 2006 federal complaint.  And, in 2006, the district court had alerted Rector to the defect in that complaint, i.e., that he had not alleged that he had been harmed or was in danger of being harmed because of double-bunking.  Moreover, in 2006, the district court had advised Rector on how to remedy that defect, i.e., to include "truthful allegations concerning the manner in which the double-bunking is harmful to him personally" and had specifically given Rector the opportunity to file an amended complaint.  Rector declined that opportunity.  Instead, Rector first filed the same insufficient complaint in 2007 in state court, where he lost (for

-2-

the same reason), and then filed the identical defective complaint once more in 2009 in federal court. Clearly, Rector did not lack notice of the defect of his complaint and the district court did not err in concluding that, Rector having filed the same defective complaint twice more after such notice, it need not give Rector another opportunity to amend.

As a second argument, Rector contends that he does not need to demonstrate any actual harm and cites to cases which, for example, hold that prisons have an obligation to protect inmates from threats from fellow prisoners or "sufficiently imminent dangers." This avails Rector nothing since he specifically stated that he was not being threatened or intimidated. He also cites to (1) a 1987 case from the District of Idaho that directed that single cells were constitutionally required for inmates housed in a unit for psychological treatment in a particular prison due to treatment needs and personal safety and (2) a 1983 case from the District of Wisconsin that held that, although it was not unconstitutional in general to double-cell prisoners with psychological problems, it was cruel and unusual punishment to force a non-suicidal inmate to share a cell with a suicidal inmate. Rector, however, presents nothing to suggest that either his treatment needs or his personal safety requires a single cell, or that he is being coerced to share a cell with a suicidal inmate. Moreover, whatever the current validity of these directives, these

cases are not precedent for us and predate our decision in <u>Cote</u> v. <u>Murphy</u>, 2005 WL 2708221, 152 Fed. Appx. 6 (1st Cir. 2005) (unpublished per curiam). Rector makes no persuasive argument suggesting that <u>Cote</u> is no longer good law.

Rector failed to address, in his main brief, the district court's alternative grounds for dismissal, i.e., that the action is barred by the <u>Rooker-Feldman</u> doctrine, as well as res judicata. He discusses these grounds for the first time only in his reply brief. For that reason, Rector's contentions are waived. <u>Sandstrom</u> v. <u>ChemLawn Corp.</u>, 904 F.2d 83, 86 (1st Cir. 1990) (reciting that arguments not made in the opening brief are waived). In any event, Rector's arguments are meritless.

The district court order of dismissal, entered on December 1, 2009, is <u>affirmed</u>.